**PITTSTON COMPANY, a Delaware and Virginia corporation, Plaintiff-Appellee,**

v.

**H. Edward REEVES, Eugene E. Murphy, Charles W. Allen, Parker T. Jones, Sr., Leston B. Nay and Brink's Incorporated, an Illinois corporation, Defendants-Appellees,**

**Joseph F. Miller, Intervenor-Appellant.**

**No. 12447.**

United States Court of Appeals Seventh Circuit.

Feb. 12, 1959.

Russell J. Topper, Jack Smolens, Chicago, Ill., for appellant.

Louis Lebin, Chicago, Ill., Attorneys for Joseph F. Miller, intervenor-appellant.

Robert H. Bork, Chicago, Ill., Hammond E. Chaffetz, Howard G. Krane, Chicago, Ill., for plaintiff-appellee, Pittston Co.

**329**

Robert S. Foster and Stanley H. Richards, Chicago, Ill., for defendants-appellees, H. Edward Reeves, Eugene E. Murphy, Charles W. Allen, Parker T. Jones, Sr., Leston B. Nay and Brink's, Inc., Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., Foster Sheppard, Oliver & Richards, Chicago, Ill., of counsel.

Before SCHNACKENBERG, HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Intervenor-appellant Joseph F. Miller, a stockholder of Brink's Incorporated, here appeals from an order of the District Court denying his petition to vacate and set aside the *voluntary* dismissal order entered on December 27, 1956.

On September 5, 1956 The Pittston Company, a Delaware and Virginia corporation, "derivatively on behalf of Brink's and on its own behalf and on behalf of all other stockholders of Brink's similarly situated", filed this suit in the United States District Court for the Northern District of Illinois, Eastern Division, against H. Edward Reeves, Eugene E. Murphy, Charles W. Allen, Parker T. Jones, Sr., Leston B. Nay, members of the Board of Directors of Brink's Incorporated, all being citizens of Illinois, and Brink's Incorporated, an Illinois corporation.

On December 21, 1956 Pittston and the defendants entered into a written settlement agreement whereby all matters in controversy were compromised and settled and wherein the signatories thereto agreed to dismiss this action without prejudice.

On December 27, 1956 a voluntary dismissal order was entered by the court as follows:

"Upon Stipulation and Agreement of the parties hereto by their respective attorneys,

"It Is Ordered:

"That the herein cause be and the same is hereby dismissed without prejudice."

This voluntary dismissal was entered without notice of any kind to any of the stockholders (class plaintiffs) of Brink's on whose behalf Pittston had sued.

This action is a class action. There is no question but that it was instituted by Pittston to enforce an alleged right defined in paragraph (1) of subdivision (a) of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Therefore, under Rule 23(c) notice to all class plaintiffs of the proposed dismissal was required. This mandate is clear and unambiguous. The District Court had no discretion as to the giving of the notice. The failure of the District Court to require notice of the proposed dismissal was a clear violation of Rule 23(c) and the voluntary dismissal order was invalid. The cases cited, such as May v. Midwest Refining Co., 1 Cir., 1941, 121 F.2d 431, dealing with involuntary dismissals are inapposite and have no application to a voluntary dismissal as here.

The appellees contend, however, that even assuming, arguendo, the dismissal order was in violation of Rule 23(c) when Miller filed his motion to vacate pursuant to Rule 60(b) the District Court was thereby vested with discretionary power and unless there was a clear abuse of discretion in denying the motion to vacate, the order of the District Court must be affirmed. This contention is wholly without merit.

It is clear that a class action, such as this, cannot be dismissed voluntarily without notice to all members of the class. The court has no discretion as to notice being given. If we were to hold as appellees urge, the District Court could enter a voluntary dismissal of any class action without giving notice to the class plaintiffs and then if and when any member of the class filed a motion to vacate the voluntary dismissal order under Rule 60(b) it would thereby convert a mandatory requirement into a discretionary one. This is not the law.

As to whether the class plaintiffs will or will not be prejudiced by appellees' dismissal is a question for determination by the District Court if objection be

made by any of them after notice of the proposed dismissal has been given, and whether Miller's state court suit is *res judicata* of this action is likewise a question for determination by the District Court if any objecting class plaintiff is permitted to continue the prosecution of this action and the question is properly raised.

The order denying Miller's motion to vacate the dismissal order of December 27, 1956 is reversed and cause remanded with instructions to vacate and set aside the dismissal order; to order proper notice of the proposed dismissal to all class plaintiffs in compliance with Rule 23(c) of the Federal Rules of Civil Procedure; and for further proceedings consistent with this opinion.

The motion of the appellees to strike appellant's brief after decision of this appeal on the merits is denied.