STANLEY C. HENSHAW *vs.* THE TRAVELERS INSURANCE COMPANY. March 5, 1979. The plaintiff alleges that the defendant (Travelers) issued a "Long Term Disability Income Plan" insurance policy to Honeywell, Inc., and its employees, that in 1967 when he was such an employee he became, and continues to be, totally disabled, that Travelers paid him disability benefits for two years from 1967 to 1969, but that it has neglected or refused to pay him benefits since 1969. He seeks recovery of the benefits allegedly due him for the period since 1969. One of the several defenses raised by Travelers was that "Coverage under the insurance plan had terminated when payments were discontinued under the terms and conditions of the policy."

Two orders for discovery were entered in the Superior Court, one on July 30, 1975, and the other on July 14, 1976, requiring Travelers to produce a number of specified documents or copies thereof for inspection and copying by the plaintiff. On January 26, 1977, the plaintiff filed a motion that a default judgment be entered against Travelers for allegedly failing to comply with the discovery orders. After a hearing the motion was allowed without a written decision or findings, and pursuant thereto on March 24, 1977, a judgment was entered ordering

Travelers to pay the plaintiff "the lump sum of $284.00 per month from September 18, 1969 to the date of this Judgment, together with interest at the rate of 8% as provided by law; and that [Travelers] continue to pay said sum monthly until the plaintiff Stanley C. Henshaw reaches the age of 65 or until such time as the plaintiff is capable of working." The case is before us on the appeal by Travelers from that judgment.

We do not disturb the judge's conclusion that Travelers violated the discovery orders, but we believe, on consideration of all the circumstances of this case, that the consequences flowing from the default judgment exceed the bounds of reasonableness. If the judgment were allowed to stand, Travelers would be required to pay the plaintiff about $22,000 for disability benefits to the date this action was commenced, with continuing liability thereafter for an undetermined period of time at the rate of $284 per month. We believe that Travelers should be subjected to appropriate sanctions short of being deprived of a trial on the merits of the plaintiff's claim.

Rule 37(b) of the Massachusetts Rules of Civil Procedure, 365 Mass. 798 (1974), provides that if a party "wilfully fails to obey an order to provide or permit discovery . . . the court . . . may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order . . . rendering a judgment by default against the disobedient party; . . . In lieu of any of the foregoing orders or in addition thereto, the court may require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure."

It is hereby ordered as follows: (a) that the judgment entered in the Superior Court on March 24, 1977, be reversed and that the order of February 22, 1977, allowing the plaintiff's motion to default Travelers be vacated except in so far as the judge impliedly found that Travelers had violated the orders for discovery, (b) that the action be remanded to the Superior Court for the imposition of sanctions against Travelers by reason of its violation of the discovery orders of July 30, 1975, and July 14, 1976, and (c) that such sanctions shall include the payment by Travelers to the plaintiff of all reasonable expenses, including attorney's fees, incurred by him in the proceedings brought by him in the Superior Court to enforce the discovery orders, and those incurred by him by reason of Travelers' appeal to this court, the amount of all such expenses and fees to be determined by a judge of the Superior Court, and to be paid within such time as may be required by such judge.

*So ordered.*

*Peter C. Kober* for the defendant.
*Walter G. Bilowz* for the plaintiff.