MULLEN LUMBER COMPANY, INC. *vs.* F. P. ASSOCIATES, INC. & others.[1] April 28, 1981. On December 5, 1979, Mullen brought an action in the Superior Court under G. L. c. 254, §§ 4, 5, to enforce its lien for labor and building materials supplied to the defendants F. P. Associates, Inc., and Frederick Purrington in connection with the construction of a dwel-

---

[1] Frederick Purrington and Eli and Elaine Banoun, husband and wife. The defendant F. P. Associates, Inc., did not appeal.

ling in Framingham for the defendants Eli and Elaine Banoun. The Banouns were properly served with the summons and complaint on or about December 14, 1979. Instead of filing an answer they gave the papers to Purrington. They allege that, since their payment for construction of the house had included payment for the plaintiff's labor and materials, they expected Purrington to respond and that he informed them that the suit was "a mistake and he would take care of it." Purrington apparently was not as good as his word with the result that a default judgment in the amount of $25,853.15 was entered on March 21, 1980, against all defendants. After discovering their predicament, the Banouns engaged a lawyer who seasonably moved to vacate the judgment. This motion was denied on April 17, 1980, because of that counsel's failure to support it with an affidavit which explained the default and asserted a meritorious defense. On April 23, 1980, the Superior Court issued a warrant (under G. L. c. 254, § 18) for the public sale of the Banouns' home in whole or partial satisfaction of the judgment. The Banouns discharged the lawyer who had failed to comply with the affidavit requirement and engaged their present counsel who, on May 15, 1980, filed a motion under Mass.R.Civ. P. 60(b), 365 Mass. 828 (1974), for relief from the judgment. This motion was supported by an affidavit which summarized the reasons for the Banouns' default and which set forth facts in defense of the action. The judge properly treated this motion as one seeking reconsideration of his earlier order. He found that the motion and affidavit complied with the standards discussed in *Farley* v. *Sprague*, 374 Mass. 419, 423-424 (1978), and that "a meritorious ground of defense [had been] asserted." He denied relief, however, because the appropriate pleading had come too late, stating that "[t]o permit these matters to be raised on a motion for reconsideration would be to weave Penelope's robe in virtually every defaulted case." The warrant of sale was stayed pending disposition of the Banouns' appeal. We reverse.

In denying relief after reconsideration, the judge "in effect, imposed the most severe sanction open to him — judgment against the defendants." *Ticchi* v. *Ambassador Cab, Inc., ante* 912 (1981). While the Banouns' conduct in relying upon Purrington's promise to defend the suit for them was negligent, it is likely that the first motion to vacate the judgment would have been allowed had their counsel submitted the affidavit that accompanied the motion for reconsideration. Punishing the Banouns for the oversight of their first counsel by exposing them without a day in court to the possible loss of their home will do little to enhance public perception of the civil justice system and may well precipitate additional litigation in the form of a malpractice action against that lawyer. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 440 n.10 (1979). It has been said that "the courts have been reluctant to attribute to the parties the errors of their legal representatives." *Barber* v. *Turberville*, 218 F.2d 34, 36 (D.C. Cir. 1954). See

also *Maki* v. *New York, N.H. & H.R.R.*, 293 Mass. 223 (1936). The record indicates that the Banouns moved expeditiously to correct the problem and that all of the material factors which ordinarily call for relief from a default judgment have been shown to exist. See *Berube* v. *McKesson Wine & Spirits Co., supra* at 440. In particular, they have shown a colorable defense which renders the case one "worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence." *Russell* v. *Foley*, 278 Mass. 145, 148 (1932). See also *Anderson* v. *Goodman*, 341 Mass. 704, 705-706 (1961). It is especially significant that the plaintiff failed to respond to the second motion with a counter affidavit which explained the asserted deficiencies in its notice of lien. We perceive no prejudice to the plaintiff as a result of restoring the case to a triable status. In these circumstances, we think that the judgment should be removed and that the Banouns "should be subjected to appropriate sanctions short of being deprived of a trial on the merits of the plaintiff's claim." *Henshaw* v. *Travelers Ins. Co.*, 377 Mass. 910, 911 (1979). See *Teuscher* v. *Teuscher*, 9 Mass. App. Ct. 914 (1980); *Ticchi* v. *Ambassador Cab, Inc., supra*; *LaRoche* v. *Borden, Inc., ante* 917 (1981). The orders denying the motions for relief from the judgment are reversed, the judgment against the Banouns is reversed, and the warrant of sale is to be recalled and cancelled on the docket. Costs of appeal are denied to the defendants and awarded to the plaintiff. Other sanctions, including attorney's fees incurred as a result of the Banouns' failure to answer in a timely manner, are remitted to the discretion of the Superior Court judge.

*So ordered.*

*Joseph L. McQuade* for Eli Banoun & another.
*Philip Slotnick* for the plaintiff.