PARKMAN EQUIPMENT CORPORATION *vs.* S.A.S. EQUIPMENT CO., INC. July 13, 1982. The plaintiff, Parkman Equipment Corp. (Parkman), in appeals from a judgment of dismissal and from denial of its motion for relief from judgment, alleges that the judge abused his discretion by dismissing its case when Parkman failed to comply with a court order requiring parties to file trial briefs. The defendant, S.A.S. Equipment Co., Inc. (S.A.S.), in a cross appeal, claims that it was error for the judge to allow Parkman to amend its complaint because the amended complaint presented a new cause of action arising out of circumstances different from those stated in the original bill of complaint, and as to which the statute of limitations had expired. S.A.S. also asserts it was unfairly prejudiced by the substituted cause of action.

We summarize the relevant facts. Parkman filed its initial bill of complaint in equity, later amended into an action at law (in conformity with modern terminology, referred to hereinafter as the "complaint"), against S.A.S. on June 15, 1972, demanding the fair rental value of certain equipment and other costs incurred by it while hired to perform demolition work for S.A.S. S.A.S. filed an answer and declaration in set-off in the action at law on January 8, 1973. There was no activity in the case until

November 2, 1977, at which time the action was involuntarily dismissed. A year later, a motion by Parkman to vacate the dismissal was allowed. The case was called for trial on December 10, 1979, and January 2, 1980, and for various reasons trial was continued until May, 1980. At the call of the case for trial in mid-May Parkman moved to amend its complaint for a second time. This motion was allowed over S.A.S.'s objection, and the trial was continued to allow S.A.S. to file an answer. At this juncture the judge informed counsel that they were required to submit trial briefs pursuant to an order of the Superior Court, dated April 22, 1980. On June 11, 1980, the case was again called for trial. Parkman's counsel informed the court that he had not filed a trial brief. The court, after hearing the parties, found no good cause for Parkman's failure to submit a trial brief, and ordered the plaintiff's case dismissed. S.A.S. informed the court of its decision not to proceed on its counterclaim at that time in light of the dismissal of the plaintiff's case. The court preserved S.A.S.'s rights to present its counterclaim at a later date.

1. Although it is clear that Parkman violated the "order" of the Superior Court, we believe, on consideration of all the circumstances of this case, that "the consequences flowing from the . . . [failure to file a trial brief] exceed the bounds of reasonableness." *Henshaw v. Travelers Ins. Co.*, 377 Mass. 910, 911 (1979).

The judge stated at the June 11, 1980, session, that the several continuances which marked the progress of the case were unimportant, as they were "a natural part of busy trial lawyers' problems." We understand that statement to mean that the long time during which the case had been in court, approximately eight years in 1980, played no part in the judge's decision. (Had the judge thought otherwise, he might justifiably have regarded the failure of counsel to have a trial brief ready as the last straw.)

This case does not present a situation where it can be said that plaintiff's "counsel engaged in a conscious strategy designed to disobey the judge's order or otherwise frustrate the progress of the litigation." *Berube v. McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 432 (1979). See *Partlow v. Hertz Corp.*, 370 Mass. 787 (1976).

"In denying [the plaintiff's] motion, the judge, in effect, imposed the most severe sanction open to him — judgment against the [plaintiff]." *Ticchi v. Ambassador Cab, Inc.*, 11 Mass. App. Ct. 912 (1981). While the plaintiff could and "should be subjected to appropriate sanctions," we think it should be something "short of being deprived of a trial on the merits of [its] claim." *Henshaw v. Travelers Ins. Co.*, 377 Mass. at 911. See *Teuscher v. Teuscher*, 9 Mass. App. Ct. 914 (1980). See also *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957) (Clark, C.J.) (denial of a party's day in court not justified "except upon a serious showing of willful default").

2. On December 5, 1979, Parkman informed S.A.S. of its intent to file a motion to amend the complaint. The motion was neither filed nor pre-

940          14 Mass. App. Ct. 901

Rescript Opinions.

sented to the court until five months later in May, 1980, as the case was being called for trial. After hearing the arguments of both parties, the judge allowed the plaintiff's motion to amend the complaint. S.A.S. contends on cross appeal that the judge erred in allowing Parkman's motion to amend the complaint. See Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974). Motions to amend pleadings under Mass.R.Civ.P. 15(a) are largely committed to the discretion of the judge. *Jones* v. *Wayland,* 380 Mass. 110, 114-115 (1980). *Wolfe* v. *Ford Motor Co.,* 6 Mass. App. Ct. 346, 353 (1978). Under rule 15 "[t]he expressed tendency is in favor of allowing amendments, and a motion to amend should be allowed unless some good reason appears for denying it." *Castellucci* v. *United States Fid. & Guar. Co.,* 372 Mass. 288, 289 (1977). See also 6 Wright & Miller, Federal Practice and Procedure § 1488 (1971). Here, however, we think that the aggregate circumstances justify the conclusion that the allowance of the amendment exceeded the bounds of sound discretion.

S.A.S. asserts that it was prejudiced by the allowance of the motion to amend. S.A.S. spent considerable time and money conducting discovery and general trial preparation based on Parkman's 1972 claim. The incidents giving rise to the cause of action set out in the amendment took place in 1968. S.A.S. asserts that it has a very slim possibility of obtaining meaningful discovery on the latest amendment.

S.A.S. also claims that Parkman's amendment unduly delayed the trial proceedings. Parkman counters by asserting that there was no prejudice because in December of 1979 it informed S.A.S. of its intention to file this particular amendment. Parkman's argument fails because S.A.S. was not obliged to prepare to argue a motion that had not been filed in court in accordance with the applicable rules of civil procedure. See Mass.R. Civ.P. 5(d), 6(c), and 7(b)(1), 365 Mass. 746, 747, 749 (1974). See also Rule 9 of the Superior Court, as amended (1978). Moreover, the parties appeared in court twice after Parkman first informed S.A.S. of its intention to file such an amendment.

Parkman submitted the new amendment to the judge as a substitute complaint based on a theory of recovery against S.A.S. markedly different from that expressed in the original complaint. The amended complaint set forth the existence of an oral contract of joint venture between S.A.S. and Parkman. Parkman's original complaint, however, was in the nature of a claim in quantum meruit. Specifically, Parkman alleged that it had incurred expenses when it was engaged by S.A.S. to perform certain services in connection with a contract S.A.S. had with a third party, and that S.A.S. had failed to pay Parkman the full, fair amount due it. As Parkman did not allege in its original complaint that a specific contractual relationship existed, it would have had to show the utilization of its equipment by S.A.S. under such circumstances as would imply an obligation to pay for such use and fair value of the equipment as well as the other costs incurred.

On the other hand, the amended complaint relies upon an express, agreed joint venture contract involving four S.A.S. contracts. The proof of this action requires altogether different evidence, and that evidence would be extremely difficult for S.A.S. to gather some twelve years (at the time the amendment was allowed) after the contract was allegedly made. It can be maintained fairly that Parkman's original pleadings did not encompass the same general fact situation that it now claims gave rise to the joint venture claim. (Curiously, at the time Parkman filed its original declaration, S.A.S. counterclaimed that the agreement involved one joint venture, an assertion which Parkman specifically rejected in 1972.) Moreover, by Parkman's own admission, this amendment was not based on evidence that was not available before discovery. Parkman's own records provided the source of the information upon which the amendment was based.

In sum, the allowance of the motion to amend Parkman's complaint was error, and the parties must proceed, if at all, on the basis of the pleadings as they were. Fourteen years have elapsed since the alleged agreement here in question was made, and both sides are encouraged to use expedient measures to settle this matter because of "the public interest in the efficient operation of the trial list" as well as the "interests of other parties who are ready for trial." *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. at 292. *Consumer Sav. Bank* v. *Coven*, 8 Mass. App. Ct. 594, 599 (1979).

The judgment is vacated; the order of May 15, 1980, allowing the plaintiff's second amendment is reversed; and the case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*

*Arnold E. Cohen* for the plaintiff.
*Thomas R. Murtagh* for the defendant.