ROBERT J. WILKINSON & others[1] *vs.* BATTISTA J. GUARINO & another.[2] April 22, 1985. *Practice, Civil,* Dismissal, Relief from judgment. *Judgment,* Relief from judgment.

The plaintiffs appeal from the denial of two motions for relief from a judgment dismissing their action for failure to prosecute. See Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). We reverse because, in the circumstances, we consider dismissal too severe a sanction.

The complaint, filed on May 21, 1981, alleged that the defendant Battista Guarino (Guarino) had agreed to release one lot of land, containing one third of an acre, from mortgages Guarino held on a sixty-nine acre tract owned by Robert J. Wilkinson (Wilkinson) so that Wilkinson could build a house on the lot. A release was executed by Guarino, an attorney, but it only released the lot from one of seven mortgages held by Guarino thus leaving six outstanding mortgages covering the lot. This fact was unknown to Wilkinson or to his lender, which extended a loan to him in reliance on an erroneous title certification by a local attorney. When the error was discovered, Guarino refused to release the lot from the remaining mortgages. As a result, the plaintiffs allege, the house could not be completed because no lender would extend credit, Wilkinson's living costs were increased so that he could not pay his real estate taxes, and Guarino foreclosed on his mortgages. At the foreclosure sale, the land was bid in by Guarino for $5,000, although the land was assessed for $64,000 and had a fair market value in excess of $300,000. The plaintiffs sought damages and sought to set aside the foreclosure sale, on the grounds that the sale failed to comply with statutory requirements and that Guarino had broken his agreement and had not acted in good faith. The complaint contained other counts which were dismissed on the defendants' motion for summary judgment on December 7, 1982.[3]

Trial was set for January 17, 1983. The defendants' counsel had a conflicting engagement in the Superior Court sitting in Plymouth County

---

[1] Robert J. Wilkinson, as trustee of Scorton Realty Trust, and Kevin J. Wilkinson, individually and as sole beneficiary of Scorton Realty Trust.

[2] John B. Guarino, the son of Battista J. Guarino and the assignee of one or more of the mortgages.

[3] Before that date, the defendants' motion for a speedy trial had been allowed because of Guarino's advanced age.

on January 17, which was reported to the judge by counsel's associate. Also on the seventeenth, the plaintiffs' counsel suffered "severe chest pains" and was hospitalized. He called the defendants' associate counsel at the Superior Court sitting in Middlesex County and, during their conversation, asked her to inform the judge of this fact and that he requested a continuance. The judge declined to continue the case generally, ordered it held for trial and instructed associate counsel so to notify the plaintiffs' counsel. This information was relayed via the plaintiffs' counsel's telephone answering machine. The defendants' counsel's case in Plymouth County was settled on January 17. At some undisclosed time he informed the Middlesex County clerk's office of this fact by telephone but did not attempt to notify the plaintiffs' attorney.

In the middle of February, the plaintiffs' counsel disconnected his office telephone and moved his law practice to his mailing address. He neglected to inform the court or the defendants' counsel of his new telephone number. His address of record remained unchanged. On February 23, defendants' counsel went to the Superior Court in Middlesex County, "to find out what the chances were of getting a trial". The assignment judge ordered the case on for trial the following day. The judge directed the defendants' counsel to inform the plaintiffs and their counsel. Counsel was unable to reach Wilkinson or the plaintiffs' counsel by telephone and sent them both mailgrams. Neither Wilkinson nor counsel saw the mailgrams until the evening of February 24.

On February 24, 1983, in the morning, the defendants' counsel appeared for trial and explained his difficulty in reaching Wilkinson and the plaintiffs' counsel to the judge who was to preside at trial. That judge sent the matter back to the assignment judge who, on February 28, on his own motion, and without notice to the plaintiffs, dismissed the action for failure to prosecute. See Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974).[4] The dismissal operated as an adjudication on the merits. Mass.R.Civ.P. 41(b)(3), 365 Mass. 805 (1974).

On March 24, 1983, within the time for appealing the judgment, the plaintiffs brought their first motion for relief from the judgment. Although the plaintiffs brought this motion on State and Federal constitutional grounds, we, as did the trial judge, treat it as coming within Mass.R.Civ.P. 60(b)(1)

---

[4] The first portion of rule 41(b)(2) reads as follows: "(2) *On Motion of the Defendant.* On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court." A motion by the defendant is not required, as the court may dismiss on its own initiative, even where, as here, the conditions of rule 41(b)(1) have not been met. *Link* v. *Wabash R.R.*, 370 U.S. 626, 630 (1962). *State Realty Co.* v. *MacNeil Bros.*, 358 Mass. 374, 379 (1970) (case prior to the adoption in 1974 of the Mass.R.Civ.P.). Cf., Mass.R.Civ.P. 37(b) 365 Mass. 798 (1974). A lack of notice, however, presents different problems. See note 5, *infra*.

("mistake, inadvertence, surprise, or excusable neglect").[5] The plaintiffs' counsel recognized that his failure to notify the court and opposing counsel of his new telephone number was in violation of Mass.R.Civ.P. 11(d), 365 Mass. 754 (1974), but claimed that defendants' counsel, too, was at fault in failing to inform him in January that his case had settled. In denying the motion, the judge found that the "plaintiffs' failure to appear was not excusable neglect and the plaintiffs have made no showing that they have a meritorious cause of action."

We conclude, in the circumstances of this case, that the judge's refusal to grant relief from judgment was error. The carelessness of the plaintiffs' attorney in failing to report his changed telephone number (his address remained the same) does not warrant the severe sanction of dismissal. In a similar case, *Blois* v. *Friday*, 612 F.2d 938 (5th Cir. 1980), where an attorney had failed to file with the court a notice of his change of address, it was held that the judge had abused his discretion in denying a rule 60(b) motion to vacate a default summary judgment. As in *Blois*, we do not think the plaintiffs should "have to pay with the loss of [their] cause of action for [their] attorney's minor mistake without clear proof of serious misconduct and prejudice." *Id.* at 940. See generally 9 Wright & Miller, Federal Practice and Procedure §§ 2369 & 2370 (1971). We do not condone counsel's failure, but we think lesser sanctions, and not dismissal, are appropriate in this case where the plaintiffs have met the factors which are to guide the judge's discretion in ruling on a rule 60(b) motion set out in *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 430-431 (1979). Particularly significant are the facts that there has not been a trial on the merits and that the carelessness here is relatively minor and is attributable to counsel and not to the litigant. See *id.* at 431 n.10 and *Mullen Lumber Co.* v. *F. P. Associates*, 11 Mass. App. Ct. 1018, 1019-1020 (1981), where we indicated reluctance to deprive a litigant of a trial on the merits because of the negligence of counsel. Compare *Bird* v. *Ross*, 393 Mass. 789, 790, 791-792 (1985), where the neglect was the defendant's own and also where the rule 60(b) motion was filed several months after the appeal period had expired.[6]

---

[5] The view we take of the case makes it unnecessary to consider whether, as the plaintiffs claim, the order deprived them of due process because entered without adequate notice. See *Beit* v. *Probate & Family Court Dept.*, 385 Mass. 854, 858-862 (1982); *Link* v. *Wabash R.R.*, 370 U.S. at 632. See also Mass.R.Civ.P. 41(b)(2); *Pittston Co.* v. *Reeves*, 263 F.2d 328, 329 (7th Cir. 1959).

[6] Although an appeal from a rule 60(b) motion does not bring with it an appeal from the original judgment of dismissal, a court in acting on such a motion may consider as a factor whether the motion is filed within the appeal period or is, rather, a dilatory attempt to bypass appellate procedures. See *Silas* v. *Sears, Roebuck & Co.*, 586 F.2d 382, 386 (5th Cir. 1978); *Charles Choate Memorial Hosp.* v. *Commissioner of Pub. Welfare*, 13 Mass. App. Ct. 1080 (1982). See also *Fox* v. *Brewer*,

Although the judge concluded that the plaintiffs have not alleged a case having merit, "[a]ll that is necessary is an indication that the claim is one 'worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence.'" *Berube*, 7 Mass. App. Ct. at 433, quoting from *Russell* v. *Foley*, 278 Mass. 145, 148 (1932). We think the plaintiffs have alleged such a claim. In sum, we think the sanction here was too harsh. See *Ticchi* v. *Ambassador Cab, Inc.*, 11 Mass. App. Ct. 912 (1981); *Mullen Lumber Co.* v. *F. P. Associates, supra*, at 1019-1020. See also *Henshaw* v. *Travelers Ins. Co.*, 377 Mass. 910, 911 (1979).

The plaintiffs' second motion under rule 60(b)(3) ("fraud . . . , misrepresentation, or other misconduct of an adverse party") was correctly denied as the plaintiff failed to prove any of the prerequisites of relief under that subsection of rule 60(b). The remaining contentions raised by the plaintiffs which relate to the partial allowance of the defendants' motion for summary judgment concern interlocutory orders that may be revised, if appropriate, by the trial judge. We do not consider them.

Accordingly, the order denying the motion under rule 60(b)(1) is reversed, the judgment is reversed, and the matter is remanded to the Superior Court for the imposition of other sanctions, if any, and for further proceedings not inconsistent with this opinion.

*So ordered.*

*William L. Donnelly* for the plaintiffs.
*Abner R. Sisson* (*Maura Sweeney Doyle* with him) for the defendants.

---

620 F.2d 177, 180 (8th Cir. 1980).

The filing of a rule 60(b) motion may, of course, be appropriate even if an appeal from the dismissal is taken. Indeed, "the better practice" is to move first to vacate the order under rule 60(b) or Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974). 5 Moore's Federal Practice par. 41.11[2], at 41-143 - 41-144 (2d ed. 1984). A motion under rule 60(b) does not, however, extend the time for filing an appeal, and, after an appeal has been filed, it may be necessary to obtain leave from the appellate court before the lower court may enter an order granting relief. See *Puerto Rico* v. *S.S. Zoe Colocotroni*, 601 F.2d 39, 41 (1st Cir. 1979), cert. denied, 450 U.S. 912 (1981); 11 Wright & Miller, Federal Practice and Procedure § 2873 (1973).