Forte, J.
This is an action in contract against Newton Waltham Glass Co., Inc (“Newton”) for breach of contract, and against Raymond Daigle (“Daigle”) based upon a separate contract of guarantee. The case was remanded to the Waltham Division pursuant to G.Lc. 231, §102C.
An attorney, an associate in the law firm, filed an appearance for the defendants which was recorded on the docket as: “Edward Fitzgerald, Esq., Gargano, Gabriele, Ciano, Paratore, One Broadway, Cambridge, MA 02142.”
A notice of pretrial conference on August 18,1989 was allegedly mailed to the parties. An examination of a copy of this notice for pretrial conference which was allegedly sent by the clerk’s office and is incorporated into the report, merely indicates notice to the plaintiff (“Metro”) and to the defendant, Newton. There is no indication that any notice was sent to defendant Daigle.[3] Furthermore, there is no indication as to the address to which any notice was sent.
Due to the absence of the defendants or their counsel, the defendants were defaulted at the call of cases for pretrial conference on August 18,1989. A hearing for the assessment of damages was then scheduled for August 25,1989.
Two business days later, on August22,1989, the defendants filed a motion to vacate the default.
On August 25,1989, the defendants filed a motion to dismiss or in the alternative to stay proceedings pursuant to G.Lc. 251, §2 because of an arbitration clause in the contract between the plaintiff and Newton. On September 12,1989, the court denied both the motion to vacate the default and the motion to dismiss or in the alternative to stay proceedings under G.Lc. 251, §2.
On October 5,1989, both defendants filed for arbitration.
Sometime after October 5,1989,[4] the defendants filed a motion for reconsideration of the court’s denial of their motion to vacate the default. According to the report, this motion was denied on September 20,1989, at least ten working days prior to the filing of the motion.[5]
*117 Accompanying the defendant’s first motion to set aside the default were affidavits by the defendant’s attorney of record and by an employee of the law firm. Both affidavits state that no notice of the pretrial conference was ever received by the attorney or by the law firm.
Two additional affidavits were submitted with the defendant’s motion for reconsideration. The first, by the senior partner of the law firm, states that a comprehensive search of the law office was conducted to find the alleged notice, but that the search proved fruitless. In addition, the partner averred that he searched the court’s records and found:
1. The photocopy of the notice does not indicate the address to which it was sent.
2. He was informed by the clerk’s office the notice was sent to “Edward Fitzgerald, Esq. One Broadway, Cambridge, MA 02142.”
3. The pretrial conference list of August 18,1989 did not include the name of this case.
4. The clerk’s diary for August 18,1989 did not have any reference to this case.
The affidavit further states that One Broadway, Cambridge is a sixteen floor office building, that there is no directory bearing the name of Edward Fitzgerald, Esq. and that the law firm occupies only a small portion of the tenth floor.
The second affidavit accompanying the reconsideration motion was filed by the law firm’s secretary in charge of all incoming mail and telephone calls. She states there is no record of the law firm receiving any notice for a pretrial conference.
On October 30, 1989, the court assessed damages, after hearing, against both defendants in the amount of $76,393.63, plus interest of $5,173.83. This action was docketed.
1. There was no error in the court’s denial of the defendants’ motion to dismiss for lack of jurisdiction or in the alternative to stay proceedings pursuant to G.Lc. 251, §2.
The district courts have jurisdiction to hear actions in contract. G.Lc. 218, §19.
The motion to stay proceedings under G.Lc. 251, §2 did not apply herein because at the time of denial, neither party had made an application for arbitration, nor had an order for arbitration been issued. G.Lc. 251, §2(d). Furthermore, Daigle’s contract did not contain an arbitration clause.
2. The denial of the defendant’s motion to vacate the default judgment is hereby reversed.
The court’s denial of the defendant’s motion was apparently based in part upon the court’s belief that this action could be removed to the Superior Court pursuant to G.Lc. 231, §104. The court’s findings of September 12, 1989 indicate that if the defendants removed the action to the Superior Court, said removal would operate to vacate a default, citing G.Lc. 231, §104.[6]
The findings and order of September 12,1989 also make reference to the fact that the default of August 18,1989 was the defendant’s second default. However, the docket does not indicate any prior default[7]
The September 12,1989 order also contained a finding that “notice of the pretrial conference was in fact received at the office of counsel for the defendant, (emphasis in the original)There is no basis for this finding except the court’s reliance upon the *118 general principle that the mailing postage prepaid of a properly addressed letter is prima facie evidence of its receipt by the addressee. Anderson v. Billerica, 309 Mass. 516, 518 (1941). However, in the instant case evidence of proper mailing does not exist. The address of the defendant’s attorney was not complete even if it is assumed that notice was sent to the attorney. The copy of the notice record, as previously stated, indicated that notice was sent to Newton and not the attorney. As to Daigle, there is no evidence of any notice being sent to him.
Involuntary dismissal [or default] is a drastic sanction which should be utilized only in extreme situations. As a minimum requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice [that the opposing side] would incur... and whether there are more suitable alternative penalties. Concern for the avoidance of a congested calendar must not come at the expense of justice. The law strongly favors a trial on the merits of a claim.
Monahan v. Washburn, 400 Mass. 126, 128-129 (1987). Even if counsel had received notice in this case, his subsequent failure to appear at a pretrial conference would not have called for a default of the defendants. In Wilkinson v. Guarino, 19 Mass. App. Ct. 1021 (1985), it was held that the refusal to grant relief from a judgment of dismissal based upon counsel’s carelessness in not reporting his changed telephone number was error. Counsel’s failure to appear, even in consequence of his own carelessness, was not deemed sufficient to warrant the severe sanction of dismissal. The Court noted:
Particularly significant are the facts that there has not been a trial on the merits and that the carelessness here is relatively minor and is attributable to counsel and not to the litigant.
Id. at 1023.
Therefore, it was error to deny the motion to remove the default in this case.
3. It is unnecessary to address other matters by which the defendants claim to be aggrieved relative to the conduct of the assessment hearing and rulings made therein.
However, this Division does feel compelled to comment on the inadequate docketing and notice in this case.
First, the docketing itself is riot in accordance with Dist./Mun. Cts. R. Civ. P., Rule 79 which mandates that:
All papers filed with the clerk, all process issued and returns thereon, all appearances, orders, verdicts and judgments shall be entered chronologically in the civil docket (emphasis supplied).
Not only are there entries missing from the docket in this case, but also what was actually docketed was not entered chronologically.
Second, when notice is sent to an attorney, the address utilized should conform exactly to the attorney’s appearance document, or any amendment thereof. If the appearance includes the name of the attorney’s firm as part of the address, such firm name should be included on any notice issued and mailed.
4. The default judgment entered against the defendants is hereby vacated. The action is returned to the Waltham Division for trial. So ordered.

 This omission probably stems from the fact that the docket does not even indicate that Daigle is a defendant in this action.

 Although the docket sheet does not list this motion, the motion with affidavits are part of the report approved by the judge.

 The docket does not list this action.

 Prior to the action being remanded pursuant to G.Lc. 231, §102C, it had been earlier removed from the Waltham Division pursuant to G.Lc 231, §104.

 The report approved by the judge states: “Due to an inability to locate the file and papers pertaining to this action, adefault was entered againstthe defendants and subsequently removed by the clerk.” The Dist./Mun. Cts. R. Civ. P. do not provide for a default due to the clerk’s office inability to locate the file papers. Further, the Rules do not authorize a clerk to remove a default