GERALD KALENDERIAN *vs.* JOHN A.R. MARDEN & another,[1] trustees,[2] & another.[3] No. 98-P-2015. May 17, 1999. *Practice, Civil,* Discovery, Judicial discretion, Vacation of judgment.

When the plaintiff failed to answer the defendants' request for interrogatories, filed on November 6, 1997, or to respond to subsequent numerous facsimile transmissions and telephone inquiries concerning the overdue answers, the defendants, on April 6, 1998, filed a motion in which they detailed their efforts to obtain discovery and sought alternative relief, that is, sanctions or dismissal of the complaint. On April 22, 1998, a Superior Court judge dismissed the complaint and ordered judgment for the defendants. Judgment entered the next day. Thereafter, the plaintiff filed a motion pursuant to Mass.R.Civ.P.60(b), 365 Mass. 828 (1974), seeking to vacate entry of the judgment. On June 25, 1998, a second Superior Court judge, without any statement of reasons, vacated the judgment and replaced the dismissal with an order for sanctions and fees. We reverse the order vacating the dismissal.

In *Chu Tai v. Boston,* 45 Mass. App. Ct. 220 (1998), we deferred to the discretion of a Superior Court judge who allowed a motion for relief of judgment which was based upon counsel's failure to comply with a Superior Court administrative directive due to her involvement in other litigation. In affirming the order allowing the motion, we noted that counsel's failure involved an administrative procedural directive (a matter "particularly in the discretion of that court") rather than a statute, regulation, or uniform rule, that counsel's inattention was unintentional, relief was promptly sought, and the prejudice to

---

[1]Vincent N. Deluca.

[2]Of Revolutionary Ridge Trust I.

[3]Bedford Builders, Inc.

the opposing party may not have been great. *Id.* at 224-225. In the present case, however, the plaintiff ignored the defendants's numerous attempts to obtain answers to the interrogatories and, in seeking relief, offered no reasons whatsoever for his failure to comply with Mass.R.Civ.P. 33(a), as amended, 368 Mass. 906 (1976), and, instead, took the position that because he answered the interrogatories within twenty days of the date of notice of the dismissal, the judgment "should be removed as a matter of course" and his failure to respond "should be viewed as mistake, inadvertence and/or excusable neglect." For other examples of such nonchalance, see *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. 426 (1986); *Piepul* v. *Bryson*, 41 Mass. App. Ct. 932 (1996). Because discovery was stayed pending this appeal, the defendants have been unable to view or otherwise ascertain the existence or extent of the alleged defects in the construction of the house in which the plaintiff has resided since the commencement of this action.

Although a motion judge has broad discretion in resolving motions for relief from judgment, see *Chu Tai* v. *Boston*, 45 Mass. App. Ct. at 224, and cases therein cited, that discretion will be deemed abused when "its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice." *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. at 429. In the present case, the second judge abused her discretion when she simply undid the work of the first judge without any basis for such relief having been shown and without giving any reasons for doing so.

*Order allowing motion to vacate judgment reversed.*

*John R. Hallal (Daniel C. Hohler* with him) for the defendants.