Welsh, J.
Plaintiff, a minor who brings this action against Stop & Shop by her parent and next friend, claims she sustained personal injuries as a result of a slip and fall on a foreign substance on the floor at defendant’s supermarket in Abing-ton.
The action was entered on January 29, 2003. On May 23, 2003, the defendant served interrogatories upon the plaintiff. No answers were served when due on July 11, 2003. On July 31, 2003 the defendant duly served its Final Request for Answers to Interrogatories. On September 5,2003, plaintiff served a draft of plaintiff’s answers to interrogatories. These answers were unsigned and thus did not fulfill the requirements of Mass. R. Civ. R, Rule 33(a) (3). On September 9, 2003, the time for service of answers to interrogatories expired. On September 15,2003, defendant’s counsel dispatched a letter reminding plaintiff of her obligation to comply with the requirements of Rule 33. Finally, on September 29, 2003, defendant filed its verified application for final judgment of dismissal. The clerk duly entered a judgment of dismissal. On November 14,2003, plaintiff filed a motion to vacate judgment of dismissal, purportedly assented to, but not so in fact. On November 18, 2003, the judgment of dismissal was vacated based upon the “assented to” motion to vacate judgment of dismissal. Thereafter, a joint motion to reinstate judgment of dismissal was filed on November 21,2003. On November 25, 2003, the clerk re-entered the judgment of dismissal. On that same date, plaintiff filed a further motion to vacate the judgment of dismissal. This motion was allowed by the court. On January 20,2004, the defendant filed a motion for reconsideration of the order vacating the judgment of dismissal or, in the alternative, a request for report of such action to the Appellate Division. The motion judge denied the request to undo the order allowing the motion to vacate but chose to report his actions.
This appeal presents the issue of the judge’s voluntary report of the interlocutory order vacating the judgment of dismissal and the denial of the motion for reconsideration.
We conclude that the order allowing the vacation of the judgment of dismissal was not properly reported under G.L.c. 231, §108; Mass. R. Civ. R. Rule 64; Dist./ Mun. Cts. R. A. D. A., Rule 5, and remand the case for further proceedings.
While a judge has considerable discretion whether or not to make a voluntary report of an interlocutory ruling or order made by him or her, this authority should be exercised only when the interest of the orderly administration of justice *164 would be served. “It is not enough that the judge perceive the matter reported as so affecting the merits of the controversy that the matter ought to be determined by the Appeals Court, the report must be accompanied by a record that gives an appellate court a basis to exercise its independent judgment of the validity of the judge’s determination of that central issue. ...” Globe Newspaper Co. v. Massachusetts Bay Transp. Retirement Bd., 412 Mass. 770, 773 (1992). A voluntary report by a district court judge under G.L.c. 231, §108 is akin to a voluntary report by other trial courts under G.L.c. 231, §111. East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, 219 (1934). Any attempt to report an interlocutory matter not disposi-tive of the case should not be countenanced. Hammond v. Boston Terminal Co., 295 Mass. 566, 568 (1936). To allow interlocutory reports of questions that are neither decisive nor determinative of the merits would encourage piecemeal appellate review and would convert the appellate court into an advisory panel for the conduct of the proper business of the trial court. Vautier, Petitioner, 340 Mass. 341, 344 (1960); Noble v. Boston, 111 Mass. 485, 486-487 (1873).
The power to make a voluntary report under G.L.c. 231, §108 does not extend to the large class of interlocutory rulings not decisive of the case. Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 179 (1934). For example, a voluntary report of an evidence question not decisive of the case is not appropriate. Hammond v. Boston Terminal Co., 295 Mass. 566, 567-68 (1936). A ruling that amounts to nothing more than an exercise of discretion not implicating an error of law is not an appropriate subject for a voluntary report. Waltham Bleachery & Dye Works v. Clark-Rice Corp., 274 Mass. 488, 490 (1931). Generally, an order allowing a motion for relief from judgment is not a proper subject for a voluntary report unless there is some legal impediment to allowing such a motion. See Harrison Mfg. Co. v. Philip Rothman & Son, 336 Mass. 625 (1958).
It is ordered that the report be discharged and the matter remanded to the Brockton District Court for further proceedings.
So ordered.