Merrick, J.
The minor plaintiff brought this action by her mother and next friend for injuries caused by a M in defendant Stop & Shop’s supermarket. The case was dismissed pursuant to Mass. R. Civ. P., Rule 33(a), when the plaintiff failed to make timely answers to interrogatories. A judge allowed the plaintiff’s Mass. R Civ. R, Rule 60(b), motion to vacate the dismissal, and the case proceeded to trial. The plaintiff obtained a judgment on the merits against defendant Stop & Shop in the amount of $5,502.00. The defendant has appealed on a charge of error in the courf s pretrial allowance of the plaintiff’s motion to vacate the dismissal.
Rule 33(a)(3) of the Mass. R. Civ. P. provides that if interrogatories are not answered within 45 days of their service, the interrogator may file a “final request for answers.” If the answers are not made within 40 days thereafter, the interrogator may file a “written application for entry of final judgment!)]” Mass. R. Civ. R, Rule 33(a)(4). Upon such filing, final judgment is entered automatically by the clerk pursuant to Mass. R. Civ. P., Rule 33 (a) (6).
After the plaintiff did not answer its interrogatories within 45 days, the defendant served a “Final Request for Plaintiff’s Answers to Interrogatories” on July 31, 2003. On September 5,2003, the defendant received an unsigned copy of the plaintiff’s answers. On September 30, 2003, the plaintiff corrected her earlier error by mailing a signed copy of her interrogatory answers to defendant’s counsel. On the same date, however, the defendant filed its “Verified Application for Final Judgment of Dismissal,” and the clerk entered a dismissal with notice to the parties. On November 14, 2004, the plaintiff filed a motion to vacate the dismissal on the sole ground that “her answers to interrogatories were executed and filed”[2] on the same date as the judgment of dismissal was entered. The motion was not accompanied by either an affidavit, or a brief. On December 16,2003, a judge allowed the motion and vacated the judgment of dismissal.[3] As noted, the case eventually proceeded to trial and the defendant was found liable in negligence for the plaintiff’s injuries.
The defendant has not, on this appeal, alleged any procedural or substantive error in either the trial of the plaintiff’s negligence claim, or in the judgment on *183 the merits entered against the defendant The defendant instead contends in essence that the motion judge was required, as a matter of law, to deny the plaintiff’s request for relief from the pretrial dismissal order. We disagree. There are few legal propositions more elementary than the principle that Rule 60(b) (1) requests are ordinarily addressed to the motion judge’s broad discretion, Pielech v. Massasoit Greyhound, Inc., 47 Mass. App. Ct. 322, 324-325 (1999), the exercise of which is accorded appropriate deference on appeal, Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 775 (2006), and will not be reversed absent a clear showing of abuse. Gath v. M/A-Com, Inc., 440 Mass. 482, 497 (2003). In electing to appeal the allowance of the plaintiff’s Rule 60(b) motion, the defendant assumed the burden of establishing that such ruling constituted, in the circumstances of this case, action which “no conscientious judge, acting intelligently, could honestly have taken.” Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 425 (2005); Interstate Gourmet Coffee Roasters, Inc. v. Seaco Ins. Co., 59 Mass. App. Ct. 78, 82 (2003). The defendant has failed to satisfy that appellate burden.
A Rule 60(b) (1) determination requires ‘“taking account of several incommensurable factors, some relating to the particular case and others to the larger system of administered justice.’” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433 (1979), quoting Restatement (Second) OF JUDGMENTS §22, Comment g (Proposed Tent. Draft No. 6,1979). With respect to the latter, the “consideration [s] to be balanced” by the motion judge in assessing the plaintiff’s request for relief from a dismissal order entered as a discovery sanction included “on the one hand, a concern about giving parties their day in court, and, on the other, not so blunting the rules that they may be ignored ‘with impunity.’” (Citations omitted). Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429-430 (1986). Vacating the dismissal was integral to “the management of the case and, as such, [was] committed to the sound discretion of the [motion] judge.” Id. at 429. The appellate deference accorded a trial court’s Rule 60(b) decision reflects
a policy that the judges in the motion and assignment sessions are in the best position to assess the merits of requests for this type of relief under the requirements of balancing efficient case flow with the litigants’ rights to a trial on the merits.
Berube, supra, at434. See Chawla v. J & L Musto Constr., Inc., 2003 Mass. App. Div. 169, 171 (“The appellate courts generally defer to the motion judge because he is in the best position to assess the merits of the motion and balance efficient case-flow management with a litigant’s rights.”). In evaluating the plaintiff’s rule 60(3) (1) claim for relief, the judge could have properly weighed the proportionality of an automatic Rule 33(a) (6) dismissal as a consequence of the plaintiff’s inadvertent noncompliance with the time requirements of the rule. Based on such a consideration and on facts very similar to those in this case, the denial of Rule 60(b) relief was reversed by the Appeals Court in Ticchi v. Ambassador Cab., Inc., 11 Mass. App. Ct. 912 (1981). The Court held:
In denying this motion, the judge, in effect, imposed the most severe sanction open to him — judgment against the defendants. There has been no showing of prejudice by the plaintiff. We think that such a sanction is too severe under these circumstances, though the defendants *184 should be subjected to appropriate sanctions short of being deprived of a trial on the merits of the plaintiffs claim. We order the judgment reversed and the motion under rule 60(b) allowed (Citations omitted).
Id. Thus, a movant’s mistake or neglect has been excused and Rule 60(b) (1) relief has been allowed where, among other factors, the sanction of default or dismissal has been deemed excessive, unduly harsh or unreasonable in the particular circumstances of the case. See Henshaw v. Travelers Ins. Co., 377 Mass. 910 (1979) (default judgment as discovery sanction deemed excessive); Wilkinson v. Guarino, 19 Mass. App. Ct. 1021 (1985) (denial of Rule 60(b) relief reversed where attorney’s carelessness in not reporting new telephone number did not warrant severe sanction of dismissal); Parkman Equip. Corp. v. S.A.S. Equip. Co., 14 Mass. App. Ct. 938, 939 (1982) (Rule 60(b) denial reversed because sanction of dismissal “exceed[edj bounds of reasonableness”); Mullen Lumber Co. v. F.P. Assoc., Inc., 11 Mass. App. Ct. 1018 (1981) (Rule 60(b) denial reversed where default sanction too severe). See also LaRoche v. Borden, Inc., 11 Mass. App. Ct. 917 (1981) (rescript) (allowance of Rule 60(b) relief from dismissal entered for plaintiffs failure to file timely interrogatory answers upheld as proper exercise of judicial discretion).
The defendant relies heavily on the case of Kalenderian v. Marden, 46 Mass. App. Ct. 930 (1999), in which the plaintiff failed to answer interrogatories until 20 days after notice of dismissal. A second motion judge, who reconsidered a prior denial of Rule 60(b) relief, was held to have abused her discretion because “she simply undid the work of the first judge without any basis for such relief having been shown and without giving any reasons for doing so.” Id. at 931. The dismissal in this case, however, was entered automatically by the clerk without a hearing before a judge. Obviously, the allowance of the plaintiff’s Rule 60(b) motion did not undo the work of another judge. Further, the Kalenderian Court distinguished that case from Chu Tai v. Boston, 45 Mass. App. Ct. 220 (1998), in which the Appeals Court had “deferred to the discretion” of a Superior Court motion judge by affirming Rule 60(b) relief based, inter alia, on circumstances not operative in Kalenderian; namely, that the mistake at issue was “unintentional, relief was promptly sought, and the prejudice to the opposing party may not have been great.” Kalendarian, supra, at 930-931.
A similar application of standard Rule 60(b) factors, see Berube, supra, at 430-431, in this case supports the motion judge’s allowance of the plaintiff’s request for relief from judgment. The judge may have properly considered that the plaintiff initially furnished interrogatory answers, although unsigned, prior to the expiration of the Rule 33(a) (4) 40-day period, and attempted to correct her oversight by mailing signed answers prior to receiving notice of the dismissal. The plaintiff’s neglect or omission could have been deemed unintentional rather than the product of a consciously chosen strategy. Moreover, as the defendant had the substance of the plaintiff’s answers prior to dismissal, and received signed answers almost immediately thereafter, it suffered no prejudice as a result of the plaintiff’s neglect. Certainly the conduct in question occurred well before trial, and the plaintiff proceeded with dispatch to vacate the dismissal order.
In short, the record does not compel the conclusion that the judge’s allowance of Rule 60 (b) relief was the product of any “arbitrary determination, capricious disposition, whimsical thinking or idiosyncratic choice.” Greenleaf supra, at 429.
Appeal dismissed.
So ordered.

 The answers were not “filed” on that date, but were instead “served” by being mailed to defendant’s counsel.

 For reasons not pertinent here, the motion was originally allowed, then the dismissal was reinstated and a substitute motion to vacate the dismissal, on the same stated grounds, was allowed. The Rule 60 (b) allowance at issue on this appeal was previously the subject of an interlocutory report which we discharged on procedural grounds. Gargano v. Stop & Shop Supermarkets, Inc., 2004 Mass. App. Div. 163.