Horgan, J.
The plaintiff in this matter, Newbury College (“Newbury College”), filed this expedited appeal pursuant to Dist/Mun. Cts. R. A. D. A, Rule 8A. Newbury College appeals the allowance of a motion to remove the default judgment entered against the defendant, Petrus Bernadotte, Jr. (“Bernadotte”). Bernadotte made the motion to remove the default pursuant to Mass. R. Civ. R, Rule 60(b). The issue presented by this appeal is whether the trial judge erred in allowing Bernadotte’s motion.
Newbury College sued Bernadotte for failing to pay his tuition. Bernadotte did not file an answer in the action, and a default judgment in the amount of $7,089.29 entered against him on September 25,2001. Bernadotte also defaulted in the supplementary process action, and the court issued a capias for his arrest. Bernadotte appeared in court on the capias on April 30, 2002, and the matter was continued to August 6, 2002. Bernadotte defaulted on that date, and the court issued a second capias. Bernadotte appeared in court on the second capias on December 10, 2002, and the matter was continued to July 15, 2003. Bernadotte’s default on that date resulted in the issuance of a third capias.
Each of two subsequent supplementary process actions, one in the Quincy District Court and one in the Brockton District Court, resulted in a default and a capias for Bernadotte’s arrest. Bernadotte made the motion to vacate the default judgment on December 17, 2007, approximately five and one half years after his appearance on the supplementary process action on April 30, 2002. The judge allowed Bernadotte’s motion to remove the default.
Bernadotte, a pro se litigant, made the motion to remove the default on the form provided by the court and did not specify the subsection of Mass. R. Civ. E, Rule 60(b) under which the motion was brought. A motion to vacate judgment brought under Mass. R. Civ. R, Rule 60(b) (l)-(3) must be made “not more than one year after the judgment, order or proceeding was entered or taken,” and Bernadotte’s motion did not meet this requirement. In addition, Bernadotte did not allege that the judgment entered against him was void under Mass. R. Civ. R, Rule 60(b) (4) or that it had been satisfied under Mass. R. Civ. R, Rule 60(b) (5).
Presumably, therefore, the motion was brought and granted under Mass. R. Civ. R, Rule 60 (b) (6), which provides that “the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (6) any other reason [other than those reasons specified in subsections (1) - (5) ] justifying relief from the *172 operation of the judgment.” The motion under Mass. R. Civ. R, Rule 60(b) (6) must be brought “within a reasonable time.”
A ruling on a motion for relief from judgment is within the broad discretion of the judge. Kalenderian v. Marden, 46 Mass. App. Ct. 930, 931 (1999). “[Tjhat discretion will be deemed abused when ‘its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.’” Id. (quoting Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986)). Thus, our review of the judge’s allowance of the motion to remove the default necessarily begins with clear deference to her exercise of discretion under Mass. R. Civ. R, Rule 60(b). See Lewandowski v. Borghi, 1989 Mass. App. Div. 80, 81-82.
In her ruling on Bernadotte’s motion to remove the default, the trial judge found that a hearing on the merits was warranted. She further found that Bernadotte’s statements at the hearing indicated “that he had no clear understanding of the purpose of the hearing on the assessment of damages and no knowledge concerning the default procedures.”
The judicial preference for outcomes to be determined by trials on the merits appears to have motivated the trial judge, at least in part, in allowing Bernadotte’s motion to remove the default. See Hanover Ins. Co. v. Viera, 2004 Mass. App. Div. 199, 201. In the circumstances of this case, however, which involved the passage of five and one half years between Bernadotte’s first appearance in the matter and his motion to remove the default, the reasonable time requirement of Mass. R. Civ. R, Rule 60(b)(6) barred Bernadotte’s motion. Compare Bromfield v. Commonwealth, 400 Mass. 254, 258 (1987) (motion under rule 60 (b) (6) too late when brought three years after entry of judgment); Sarin v. Ochsner, 48 Mass. App. Ct. 421, 426 (2000) (motion brought more than three years past judgment not reasonable). Thus, the judge erred in allowing the motion.
Accordingly, we vacate the order allowing Bernadotte’s motion to remove the default. The matter is remanded with a new order denying Bernadotte’s motion.