O’Shea, J.
Plaintiffs Yuri Kraytsberg (“Kraytsberg”) and Renata Kuchinsky (“Kuchinsky”) filed this suit, pro se, against defendant Richard Kaplan (“Kaplan”) for personal injuries and property damage arising out of a motor vehicle accident on December 10, 2005. The suit was commenced on December 9, 2008, one day shy of the three-year statute of limitations. On March 23,2009, Kaplan filed a Mass. R. Civ. E, Rule 12(b) (6), motion to dismiss the personal injury portion of the plaintiffs’ complaint for failure to satisfy the so-called tort threshold for damages. G.L.c. 231, §6D. The motion was allowed, and only the property damage portion of the plaintiffs’ case was allowed to proceed.
On May 12, 2009, Kaplan served his first set of interrogatories on both plaintiffs, but neither plaintiff responded. On July 1, 2009, Kaplan served a “final set” of interrogatories upon each plaintiff and, citing Mass. R. Civ. R, Rule 33(a) (4), advised the plaintiffs that in the event that answers were not received within 40 days, he would apply for dismissal of the complaint.
On August 4, 2009, the court held a case management conference pursuant to District Court Standing Order 1-98, and the plaintiffs failed to appear. The court then issued a judgment of dismissal of their claims against both plaintiffs for failure to *159 appear at the case management conference. On August 18, 2009, the plaintiffs filed a “Motion to Remove Default,” which was heard on August 28, 2009. Treating the plaintiffs’ motion as a “motion to vacate,” the court allowed the motion conditional on the plaintiffs paying the defendant $250.00 by August 31,2009. The plaintiffs did in fact pay the defendant the required sum on August 31, 2009. However, when neither Kraytsberg, nor Kuchinsky, filed an answer to the “final” set of interrogatories, Kaplan filed an application for a final default judgment on September 2,2009 against both plaintiffs for failure to answer interrogatories.
On September 18,2009, the plaintiffs filed a “Motion to Vacate Judgment and For Sanctions Under Rule 37,” which was denied, after hearing, by the trial court. The plaintiffs appealed the court’s order under Dist./Mun. Cts. R. A D. A, Rule 8C, arguing that Kaplan’s application for final judgment was filed “prematurely” and that the court erred in denying their motion. Specifically, the plaintiffs argue that the time between the date their case was “defaulted” (actually dismissed) on August 4, 2009 and the date the dismissal was vacated on August 31, 2009 should not be “counted” for purposes of compliance with Rule 33(a). The plaintiffs’ position is that the “default [j judgment” (actually, a dismissal) entered against them “stopped the clock” on their obligation to file answers to final interrogatories.[2] After reviewing the record before us, we find no error or abuse of discretion by the motion judge in his denial of the plaintiffs’ motion to vacate judgment, and affirm that ruling.
“It is elementary that relief from a default judgment pursuant to Mass. R. Civ. R, Rule 60(b)(1), is unwarranted in the absence of a threshold demonstration by the moving party of some mistake, neglect or inadvertence which was excusable.” Lewis v. McAlpine, 2006 Mass. App. Div. 44, quoting Fleet Nat'l Bank v. Smith, 1999 Mass. App. Div. 163, and citing Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 894 (1987). As we have stated previously, “[tjhere are few legal propositions more elementary than the principle that Rule 60(b) (1) requests are ordinarily addressed to the motion judge’s broad discretion, Pielech v. Massasoit Greyhound, Inc., 47 Mass. App. Ct. 322, 324325 (1999), the exercise of which is accorded appropriate deference on appeal, Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 775 (2006), and will not be reversed absent a clear showing of abuse. Gath v. M/A Com, Inc., 440 Mass. 482, 497 (2003).” Gargano v. Stop & Shop Supermarket Co., 2006 Mass. App. Div. 182, 183 (2006). Although a motion judge has broad discretion in resolving motions for relief from judgment, see Tai v. City of Boston, 45 Mass. App. Ct. 220, 224 (1998), that discretion will be deemed abused when “its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.” Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).
In electing to appeal the denial of a Rule 60(b) motion, a plaintiff assumes the burden of establishing that such ruling constituted, in the circumstances of the case, action that “no conscientious judge acting intelligently, could honestly have taken.” *160 Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 425 (2005), quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 502 (1920). In the present case, Kraytsberg and Kuchinsky had already availed themselves of the court’s discretion to afford them relief from a dismissal in August, 2009. After judgment was subsequently issued against them for failure to file final answers to interrogatories timely, Kraytsberg merely tried to file a set of answers on his own behalf and a set of answers on Kuchinsky’s behalf, that he purportedly signed for her as her “Attorney in Fact.” There was no factual showing, by way of affidavit or otherwise, of why relief under the rules should yet again be granted. Moreover, the plaintiffs now present the counterintuitive argument that their “default” should be deemed to have somehow “stopped the clock” on their obligation to file timely answers to final interrogatories, yet they offer nothing in support of that contention. While we need not address the larger question of whether any civil procedural rule could ever be used to allow a “defaulting” party more time to complete final discovery requests simply because of that party’s own dilatory actions, we do find that the plaintiffs in this case failed to meet their burden under Rule 60(b) and that the judge appropriately utilized his broad discretion to deny relief for failure to file answers to interrogatories. See Kalenderian v. Marden, 46 Mass. App. Ct. 930 (1999) (reversing superior court’s order vacating dismissal for plaintiffs failure to answer interrogatories); Klessens v. Daly, 2003 Mass. App. Div. 195 (affirming dismissal of plaintiffs case for failure to answer defendant’s interrogatories).
As the plaintiffs have failed to satisfy their appellate burden of proving an abuse of judicial discretion, the judge’s denial of the plaintiffs’ Rule 60(b)(1) motion for relief from judgment is affirmed.
So ordered.

 We refer to the plaintiffs’ arguments set forth in their written brief. The plaintiffs did not appear for the scheduled oral argument before this Division, and we heard argument on behalf of the defendant-appellee only. See Dist./Mun. Cts. R. A. D. A., Rule 22(e).