Litton Business Telephone Systems, Inc. *vs.* Arthur C. Schwartz & another.[1]

Middlesex. November 12, 1981. — January 28, 1982.

Present: Hale, C.J., Rose, & Dreben, JJ.

*Practice, Civil*, Discovery, Default.

No abuse of discretion appeared in a trial judge's ordering entry of default judgments against defendants rather than imposing other sanctions available under Rule 37(b)(2) of the Massachusetts Rules of Civil Procedure where the judge could reasonably have concluded in the circumstances that they were wilfully withholding relevant documents to the prejudice of the plaintiff in defiance of discovery orders. [117-119]

Civil action commenced in the District Court of Newton on June 29, 1976.

On removal to the Superior Court the case was heard by *Sullivan*, J., on motion for judgment by default.

*Bernard A. Kansky* for the defendants.

*Robert M. Gault* (*W. Arthur Garrity, III*, with him) for the plaintiff.

Dreben, J. In dismissing the defendants' previous appeal on the grounds that the requirements of Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), had not been met, this court, citing *Henshaw* v. *Travelers Ins. Co.*, 377 Mass. 910 (1979), ruled that no final judgment is to be entered "unless the judge who entered the orders of December 9, 1977, and October 23, 1978, shall first file with the papers an explanation of his reasons for striking the aforementioned counterclaim and defaulting both defendants rather than imposing one or more of the other sanctions available under Mass.R.Civ.P. 37(b)(2), 365 Mass. 798-799 (1974)." *Litton Business Tel.*

___

[1] National Telephone Systems, Inc.

Syss., Inc. v. Schwartz, 9 Mass. App. Ct. 847 (1980). The motion judge has filed his explanation and has reaffirmed his previous orders. The defendants appeal from the default judgments entered against Arthur C. Schwartz in the amount of $28,523.81 and against National Telephone Systems, Inc., in the amount of $15,140.02.

The judge, while recognizing that the severe sanction he imposed should be "reserved to the special and extreme case," concluded that the other sanctions provided in rule 37(b)(2), 365 Mass. 798 (1974), were inappropriate. Upon reexamination of the record at the time of the entry of his original orders, he considered that the sanctions of subparagraphs (A) and (B) of rule 37(b)(2) would, because of the "all pervasive nature of the avoided discovery . . . logically lead to the relief granted under subsection (C)" (emphasis original). Other sanctions (contempt and expenses) "would leave the plaintiff as limited in his evidentiary preparation as before and would not forward a centimeter the underlying purpose of discovery." The judge also "exercised [his] discretion . . . conscious of the prophylactic effect of such a dismissal."

This court has reviewed the record, giving primary emphasis, as did the judge, to the record as it existed at the time of his original orders to determine whether the judge abused his discretion. We conclude that he did not and affirm the judgments.

Because of the seriousness of the sanctions imposed, we set forth the facts in some detail. This action was brought against Arthur C. Schwartz individually doing business "under the name Telephone Sales Company" and also against National Telephone Systems, Inc., seeking, as to each defendant, payments for telephone equipment sold and delivered to the defendants in 1975. The defendants' answer denied that Schwartz had engaged in business as an individual, claimed that the plaintiff had been paid, and counterclaimed for abuse of process for suing the defendant individually. Shortly after the answer was filed, the plaintiff filed a notice to produce documents pursuant to Rule 34

of the Rules of Civil Procedure, 365 Mass. 792 (1974), which sought production of correspondence, invoices and other material relating to the business transactions between the defendants and the plaintiff and other records of both defendants, including tax returns for the years 1974, 1975 and 1976. As the judge imposing the sanctions found, the plaintiff had sought material relevant both to liability and to damages.

Despite the requirements of rule 34(b), the defendants filed no response to the plaintiff's notice to produce. Only after a motion to compel production was filed by the plaintiff did the defendants even file a brief in opposition. An order was entered by a judge on December 7, 1976,[2] listing in paragraph form the documents to be produced. The defendants filed a motion for rehearing, and the plaintiff subsequently moved for entry of judgment for failure to comply with the discovery order. The judge denied the motion for rehearing on February 24, 1977. At the time of the denial, the judge, as he related in his memorandum of December 9, 1977, "indicated to counsel that judgment in favor of the plaintiff would not enter, if before March 4, 1977, the defendant complied with the earlier" order of discovery. A substantial quantity of materials (sixteen cartons) was delivered to the plaintiff, and the defendants filed a one-sentence affidavit on March 3, 1977, in which they stated, "[T]he aforesaid order has . . . been complied with in full."

The plaintiff, however, claimed that the materials produced were not responsive to the discovery orders, and on September 23, 1977, filed a second motion for entry of judgment accompanied by three affidavits. These, particularly the affidavit of a paralegal in the office of counsel for the plaintiff, stated that examination of the documents showed that: (1) although individual account payable cards were produced, apparently one for each vendor, there was no card for Litton; (2) a four page list labeled "accounts pay-

---

[2] The order compelling discovery was entered by a judge other than the one who imposed the sanctions.

able as of 3-31-76" had no listing of Litton; (3) eighty-four pages of ledger sheets apparently listing purchases by the defendants, covering the period November, 1974, to December, 1975, included no listing for Litton; (4) the L folder was empty in a file drawer containing what appeared to be all outstanding invoices submitted by vendors, filed alphabetically, one folder for each letter of the alphabet. Most of the other folders contained numerous invoices.

The affidavit also stated that Schwartz had admitted in his deposition — not reproduced in the record appendix — that the defendants did business with the plaintiff and owed it approximately $5,000 on one of the transactions. Checks mentioned by Schwartz in his deposition were also not produced. No Federal or State tax returns for the defendant National Telephone Systems, Inc., for any of the years requested were produced, nor did the material contain a Federal tax return for Schwartz for 1976 or State tax returns for any of the years in question.

The defendants filed no counteraffidavit. The only affidavit of record on behalf of the defendants was the one-sentence, conclusory affidavit of compliance filed on March 3, 1977, which had not been filed in connection with the plaintiff's second motion for judgment.[3]

On December 9, 1977, the judge found that "[t]he defendants have at all times subsequent [to the December 7, 1976, and February 24, 1977, orders] failed to comply with the earlier Order of the Court and by March 4 and up to the present time had neither seriously nor reasonably responded to the Order of December 7, 1976." He ruled that judgments by default were appropriate and should enter forthwith and that the individual defendant's counterclaim should be dismissed. The plaintiff subsequently moved to have judgment enter for a sum certain and filed a supporting affidavit. The defendants filed numerous papers, in-

---

[3] A subsequent memorandum of defendants' counsel indicates that letters were written to the judge by both counsel. These were not docketed and are not reproduced in the record appendix.

cluding a motion to vacate the "entry of default" and an affidavit by the individual defendant dated April 14, 1978. For the most part, this latter document contained assertions that Schwartz never did business individually with the plaintiff. A portion of the affidavit stated that all available and existing documents except those previously supplied at the defendant's deposition had been produced. There was, however, no explanation as to why the material described in the plaintiff's affidavits was missing, nor was any statement made that all such missing materials had previously been supplied at the deposition. No mention was made of income tax returns.

The judge, on October 23, 1978, denied the motion to vacate entry of the default. He indicated that his previous order was not, as the defendant asserted, based on the plaintiff's counsel's dissatisfaction with the materials produced, "but was rather the result of the Court's review of the affidavits submitted and the Court's independent judgment that the defendants were willfully frustrating the normal discovery process." In holding that the most severe sanctions of rule 37 were appropriate, the judge explained, "A true trial on the merits can never be held in a case such as this unless each party is afforded adequate discovery. Where one party has prevented even minimum discovery he forfeits the right to a trial on the merits."

On the record before him, the judge did not abuse his discretion either on December 9, 1977, or on October 23, 1978. The plaintiff's affidavits showed material omissions in the data delivered by the defendants and, in the absence of an explanation, showed a deliberate withholding of material. The data failed to include items which the defendant had indicated he possessed and also failed to include tax returns which could reasonably have been expected to exist. Yet, despite the plaintiff's affidavits, the defendants, prior to the judge's December 9, 1977, ruling, filed no counteraffidavit to offset the glaring deficiencies claimed. The 1977 ruling was clearly not an abuse of discretion.

The April, 1978, affidavit which was before the judge in October, 1978, when he reconsidered his December, 1977,

ruling, did not contain any explanation of the omissions and merely made the conclusory statement that all documents had been produced. The judge was justified in expecting to find in that affidavit specific references to the claimed omissions and explicit statements as to what material did or did not exist. Cf. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 558 (1976). Thus, nothing was presented to the judge in October, 1978, which required reversal of his December, 1977, ruling.

After the plaintiff had moved for a supplemental opinion following the dismissal of the defendants' previous appeal by this court, the defendants, in July, 1980, for the first time filed an affidavit in which they claimed that all the Litton material ordered to be produced had been produced either in March, 1977, or at the time of Schwartz's deposition in 1976, and also claimed that the corporate tax returns for the relevant years had never been prepared. (Even in this late affidavit there is no explanation why all of Schwartz's individual tax returns were not produced.) Assuming without deciding that the new affidavit might have led to the imposition of less severe sanctions, we hold that the judge did not abuse his discretion in not giving much weight to the affidavit produced at so late a date, and in relying, in his 1980 memorandum explaining his reasons for imposing default judgments, primarily on the record that was before him in 1977 and 1978. Contrary to the defendants' contention, our order did not require the taking of new evidence.

When he entered the default judgments, the judge could reasonably have concluded that the defendants were wilfully withholding relevant data to the prejudice of the plaintiff in defiance of discovery orders. In such circumstances there was no abuse of discretion in the judge's choice of sanctions under rule 37. See *Partlow* v. *Hertz Corp.*, 370 Mass. 787, 790-791 (1976), and the other authorities cited in the judge's careful memorandum of September 4, 1980. The other contentions of the defendants are without merit, have not been argued within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975),

or could have been (but were not) raised when this case was previously here.   See *Levenson* v. *Brockton Taunton Gas Co.*, 5 Mass. App. Ct. 883 (1977); *Blake* v. *Springfield St. Ry.*, 9 Mass. App. Ct. 912 (1980).

*Judgments affirmed.*