JANE F. GREENLEAF vs. MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.    April 11, 1986. — June 23, 1986.

Present: GRANT, KASS, & WARNER, JJ.

*Practice, Civil,* Discovery, Default, Judicial discretion.

In an action by a passenger allegedly injured by the door of a train car op-
erated by the Massachusetts Bay Transportation Authority, it was within
the judge's discretion to order that the authority be defaulted for its
persistent failure, during a period of twenty months, to comply with
discovery procedures. [429-431]

CIVIL ACTION commenced in the Superior Court Department
on February 18, 1983.

A motion for an order establishing liability was heard by
*William G. Young,* J.

A hearing on damages was had before *Jeremiah J. Sullivan,*
J., sitting under statutory authority, and entry of judgment was
ordered by him.

*Robert H. Flynn* for the defendant.
*Robert T. Harrington* for the plaintiff.

KASS, J. Successor counsel for the defendant Massachusetts
Bay Transportation Authority (MBTA) attempts valiantly on
appeal to undo an order of a Superior Court judge, acting under
Mass.R.Civ.P. 37(b)(2), as appearing in 390 Mass. 1208
(1983), that the liability of the MBTA be taken as established,
leaving only the damages to be assessed. Another judge found
the damages to be $222,811, and a judgment for the plaintiff
entered in that amount. We conclude that the order defaulting
the MBTA, thereby establishing liability, was within the
judge's discretion. ·

The underlying tort action arose out of a mishap in which
the doors of an MBTA train car closed on the plaintiff, the auto-

matic opening device failed, and the plaintiff suffered injuries to her left knee and left leg, as well as aggravation of a previous injury. For purposes of the appeal, the relevant facts are procedural and, more specifically, relate to discovery.

On the same date that she filed her complaint, February 18, 1983, the plaintiff also filed interrogatories and a request for production of documents. All three pleadings were served three days later. Her request for documents specified: documents about the accident; documents which identified witnesses; documents relating to the opening and closing of doors on the train; maintenance records; documents relating to other car door accidents; documents relating to injuries where someone's foot went between a platform and a car; specifications of the particular car door and similar ones; blueprints of the particular cars; and insurance agreements. The MBTA objected to the entire request for documents as overbroad, harassing, and burdensome. That objection was general in nature; it did not differentiate among the categories of papers asked for, and it conceded the availability or relevance of none of them. On September 22, 1983, the plaintiff filed a motion to compel production of the documents requested. That motion was allowed and directed that production be made October 28, 1983.

The due date came and went with neither documents brought forth nor any expression of difficulty by the MBTA about finding the papers sought. On February 13, 1984, almost a year after she had filed her request for production of documents, the plaintiff moved under Mass.R.Civ.P. 37(b)(2)(C) for a judgment by default on the issue of liability. That motion was allowed by a second Superior Court judge. Judgment for the plaintiff on liability entered on February 28, 1984.

Predictably, entry of the default judgment brought the MBTA to life. It moved to vacate the judgment. The response was again general in mode; it pleaded "clerical error, inadvertence or mistake."[1] A third Superior Court judge allowed the

---

[1] The unthinking manner in which the MBTA reacted is illustrated by an endorsement it placed on its motion that counsel for the plaintiff had assented to the motion. He had not, as appears from his motion to strike his purported assent and as the MBTA became obliged to concede.

MBTA's motion on April 23, 1984, and ordered the following day that the MBTA "shall supply all requested discovery items on the issue of mechanical failure of the doors of the vehicle." The MBTA's first effort to comply with the production orders occurred on May 17, 1984, and consisted of a single training manual for a door system. The plaintiff notified the MBTA that she did not consider that the production order had been complied with and, on June 5, 1984, the MBTA produced additional papers. On June 27, 1984, the plaintiff wrote the MBTA specifying in detail the manner in which she thought the MBTA had failed to respond to elements of the production order. The MBTA responded with neither papers nor a responsive pleading. It awaited events, and they occurred. The plaintiff renewed her motion that liability be taken as established.

A fourth Superior Court judge, after hearing, entered an order on October 12, 1984, that the MBTA produce "copies of all incident reports concerning the doors of the particular car in question or cars of the same model from July, 1981 to the present whether or not suits have been commenced relative to the incidents." The order required that the specified papers be produced by the close of business that day, i.e., October 12th; that within thirty days the MBTA pay $350 to the plaintiff as costs; and that the MBTA by the close of business hours that day file an affidavit demonstrating compliance with the order.

An assistant general counsel of MBTA did file an affidavit on the afternoon of October 12, 1984, apparently attached some incident reports to the affidavit, and, as to reports for the year 1981, the affidavit said, "with the court's indulgence, the records can and will be obtained by Wednesday, October 17, 1984, and delivered to this Court." No papers were delivered to counsel for the plaintiff until October 16, 1984. Missing from the submission were reports regarding the only three accidents which the MBTA, in answers to interrogatories, had acknowledged as involving doors of a car of the same make and model as that involved in the case at bar. Of incident reports submitted, 102 of them, without explanation, lacked

the third page.[2] It may have been the case, as the record suggests, that one or more items of documentation ordered by the court could not be found, but the MBTA filed no motion asking for relief from a particular element of the October 12th order. The indulgence of the court, mentioned in the affidavit, was assumed, not prayed for. Additional papers were not produced by the MBTA on October 17th.

The judge summoned counsel for both parties. He heard argument on the afternoon of October 26, 1984, and lowered the boom on November 1, 1984, in the form of a second order establishing liability.

We have set out this history in tedious detail because it provides the necessary perspective to the ultimate order complained of, and because it constitutes a case study in self-destructive conduct of litigation.

Entry or, conversely, removal of default judgments has to do with the management of the case and, as such, is committed to the sound discretion of the trial judge. *Riley* v. *Davison Constr. Co.*, 381 Mass. 432, 441 (1980). *Bucchiere* v. *New England Tel. & Tel. Co.*, 396 Mass. 639, 641 (1986). *Jerry Martin Co.* v. *Hyannis Marina, Inc.*, 3 Mass. App. Ct. 746 (1975). We do not consider that discretion abused unless its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice. *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 496 (1920). *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 433 (1979). The factors in a particular case can include the relative clarity with which it appears that the judgment was unjust, the relative fault of parties, and the balance to be struck. See Restatement (Second) of Judgments § 74, comment g (1982). The consideration to be balanced in deciding a default question for failure to make discovery are, on one hand, a concern about giving parties their day in court, and, on the other, not so blunting the rules that they may be ignored "with

---

[2] The explanation may have been no more complicated than that there had uniformly been no entry on page 3 of the report forms. Failing to ask the court's permission to make the omission, let alone failing to explain it, was daring — and unwise.

impunity." Compare *Meehan* v. *Snow,* 652 F.2d 274, 277 (2d Cir. 1981), with *Kenney* v. *Rust,* 17 Mass. App. Ct. 699 (1984).

In isolation, the MBTA's failure to comply in detail with the October 12, 1984, order of the Superior Court judge may seem more bumbling than malevolent, or even passively obstructionist. Taken over its twenty-month course, however, the MBTA's response to the plaintiff's requests for pertinent documents moved only from the reflexively negative to the grudgingly incomplete. Contrast *White* v. *Spence,* 5 Mass. App. Ct. 679, 682-683 (1977). In judging whether the sanction invoked was unduly stern, it is necesary to consider that the defendant had already once been brought back from the dead by a Superior Court judge obliged to grapple with an earlier phase of the request for production. That, it will be recalled, had occurred on April 23, 1984. It was not too much to expect that the MBTA's response, after that rescue, would have been prompt and meticulous. If certain documents could not be found and if the duplication of certain pages of reports seemed superfluous it was the burden of the MBTA to taken an initiative and ask for specific modification of the discovery order. The record is devoid of a single effort by the MBTA to do so. Its pattern was one of consistent slipshod reaction. The MBTA had treated rule 37 as a paper tiger, *Levings* v. *Forbes & Wallace, Inc.,* 8 Mass. App. Ct. 498, 505 (1979), and the fourth judge, who heard the parties twice, was warranted in invoking the severe sanction which he did. See and compare *Litton Business Tel. Syss., Inc.* v. *Schwartz,* 13 Mass. App. Ct. 113 (1982).

The plaintiff was not required to show that the MBTA's failure to comply with the discovery orders had been wilful. As originally formulated (see 365 Mass. 799 [1974]), Mass.R.Civ.P. 37(b)(2) provided for sanctions if "a party *wilfully* fails to obey an order. . ." (emphasis supplied). The rule was amended December 2, 1983, effective January 1, 1984, and recast so that the word "wilfully" was omitted. See 390 Mass. at 1208. The amendment's purpose was "to increase compliance with discovery orders, by making it easier for parties to achieve, and judges to award, sanctions for failure

to comply with a discovery order." Reporters' Notes to Mass.R.Civ.P. 37, Mass. Ann. Laws, Rules of Civil Procedure at 15 (1986). Compare *Litton Business Tel. Syss., Inc.* v. *Schwartz,* 13 Mass. App. Ct. at 117-118.

The defendant complains that the judge who ordered the entry of judgment establishing liability should, in view of the severity of the action, have made findings. An appellate court is always grateful for findings. The action taken, however, was on a motion pursuant to Mass.R.Civ.P. 37(b). Under Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), findings of fact and conclusions of law are unnecessary in support of decisions on motions, other than as provided in a particular circumstance, as in Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974).

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*