Bohn, J.
INTRODUCTION
On July 14, 1994, the pro se plaintiff, Greg Brown (hereinafter referred to as the “plaintiff’) filed a civil complaint against his former father-in-law, Aldo Croatti; his former brother-in-law, Ronald Croatti; his former wife, Cynthia Croatti Inello (hereinafter referred to as “Ms. Inello”); and his former employer, UniFirst Corporation (hereinafter collectively referred to as the “defendants”).[2] In this complaint, the plaintiff alleged, generally, that he was wrongfully terminated by the defendants from his employment as the result of false allegations made by Ms. Inello to the effect that he had sexually abused their son.
On August 30, 1994, the plaintiff filed a second action against Ms. Inello, individually. In this complaint, the plaintiff alleged that he was wrongfully subjected to a criminal prosecution for the reported sexual abuse of his son which, in turn, had resulted from what he argues were Ms. Inello’s false allegations.
On September 1, 1995, the two cases were consolidated. Subsequently, the defendants moved to dismiss both complaints because of the plaintiffs failure to comply with court-ordered discovery; and, on February 27, 1996, this court (Graham, J.) allowed summary judgment in favor of the defendants on nine of the ten counts of the plaintiffs first complaint.[3]
On March 15, 1996, acting on a subsequent motion, Judge Graham denied the defendants’ motion to dismiss the remaining count of the plaintiffs first complaint as well as the plaintiffs entire second complaint. This latter motion had been predicated on the plaintiffs failure to respond to Rule 34 and Rule 36 motions. As an alternative to the outright dismissal of the remaining count of the plaintiffs first complaint and the plaintiffs entire second complaint, Judge Graham ordered that the plaintiff comply with those outstanding discovery requests. In doing so, Judge Graham admonished the plaintiff by advising him that, if answers to that discovery were not forthcoming, the remaining count of the first complaint, and the entire second complaint, could be dismissed.
The defendants now move to enforce the March 15, 1996 court order and renew their motion to dismiss what remains of the plaintiffs complaints. The plaintiff argues that he has complied fully with all discovery requests.
For the reasons discussed below, the defendants’ motion to dismiss will be allowed.

BACKGROUND

On May 5, 1995, the defendants served the plaintiff with their first request for admissions in the consolidated cases, and a second request for production of documents. On July 13, 1995, the plaintiff purportedly responded to the requests for admissions, but in doing so failed to admit or deny seventeen of the thirty-four requests.[4] In addition, in this response, the plaintiff refused to produce certain audio and video tapes requested by the defendants, claiming that he did not have any such tapes in his possession, custody or control even though, at his deposition on March 14, 1995, the plaintiff had testified that he had in his possession certain audio and video tapes of his son Nicholas recorded by the plaintiff during the weekend of October 23-25, 1992.[5]
On September 1, 1995, the defendants filed a motion for an order directing the plaintiff to amend his responses to the defendants’ May 5, 1995 request for admissions, and a motion to compel production of documents. On September 29, 1995, those motions were allowed by the court. (Hamlin, J.) The plaintiff, however, failed to amend his previous responses and refused to produce the requested audio and videotapes. Consequently, on November 21, 1995, the defendants filed a motion to dismiss for the plaintiffs failure to comply with court-ordered discovery and the plaintiffs failure to respond to interrogatories.
On March 15, 1996, as noted above, Judge Graham denied the defendants’ motion to dismiss the complaints without prejudice and ordered that the plaintiff comply with discovery. Judge Graham also warned the plaintiff that his failure to comply with the court order might result in the complaints being dismissed. The plaintiff subsequently provided the defendants with additional answers to their discovery requests in an attempt to comply with Judge Graham’s order. As noted in the appendices attached to this memorandum, however, this court finds that a significant number of requests for ad *259 missions remain unanswered.[6] In addition, the plaintiff continues to refuse to produce the requested audio and videotapes.
DISCUSSION
The defendants contend that the plaintiffs actions should be dismissed because the plaintiff has failed to comply with the defendants’ discovery requests. The plaintiff claims, however, that he has fully complied with both requests.
Where applicable, Rule 37(b)(2)(C) of the Massachusetts Rule of Civil Procedure provides that:
If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
Mass.R.Civ.P. Rule 37(b)(2)(C) (emphasis added). It is, therefore, within the limits of due process to dismiss a complaint because of a petitioner’s noncompliance with a pretrial order to produce where the failure to comply is not due to an inability to comply. Gos v. Brownstein, 403 Mass. 252, 255 (1988), citing Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958); Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401, 406 n. 7 (1987). In deciding such action, a court is compelled to balance a concern for giving parties their day in court against the need to insure that rules of court are not ignored “with impunity.” See Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass.App.Ct. 426, 429 (1986). Furthermore, sanctions under Rule 37(b) need not be based on a willful failure to comply. Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., supra at 405. See also Greenleaf v. Massachusetts Bay Transp. Auth., supra at 430-31.
In Greenleaf v. Massachusetts Bay Transportation Authority, supra, the plaintiff brought suit against the MBTA for injuries sustained when a train car door closed on her. On February 18, 1983, the plaintiff filed interrogatories and a request for the production of documents. The MBTA objected to the plaintiffs entire request for the production of documents as being overbroad, harassing and burdensome. The plaintiff then filed a motion to compel the MBTA to comply with discovery. That motion was allowed. Nevertheless, the defendant failed to comply with the court order and on February 13, 1984, the plaintiff filed a motion for a default judgment pursuant to Mass.R.Civ.P. Rule 37(b)(2)(C). The motion was allowed and judgment was entered. Subsequently, the MBTA filed a motion to vacate the default judgment which was allowed. The MBTA was also ordered by the court to produce discovery items sought by the plaintiff. Though the MBTA made some efforts to comply with discovery, it failed to make adequate responses and, on November 1, 1984, the court entered a default judgment against the MBTA. Id.
In its decision to uphold the trial court’s decision to enter a default judgment against the MBTA, the Supreme Judicial Court described the MBTA’s attempt to comply with the plaintiffs discovery requests as follows:
In isolation, the MBTA’s failure to comply in detail with the October 12, 1984, order of the Superior Court judge may seem more bumbling than malevolent, or even passively obstructionist. Taken over its twenty-month course, however, the MBTA’s response to the plaintiffs requests for pertinent documents moved only from the reflexively negative to the grudgingly incomplete.
Id. at 430. The Supreme Judicial Court concluded that the MBTA’s failure to comply with discovery was so severe that judgment in favor of the plaintiff was the only appropriate sanction to be imposed. Id. at 431.
The case of Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., supra, concerned the ownership of a 364-unit federally subsidized low- and moderate-income housing development located in the RoxburySouth End area of Boston. Roxse Homes Ltd. Partnership (“the Partnership”) brought suit against Roxse Homes, Inc. seeking the specific performance of an agreement to sell the development. In February 1986, the trial judge ordered Roxse Homes, Inc. to produce documents in response to the Partnership’s November 1985 request. Thereafter, Roxse Homes, Inc., produced some, but not all documents sought by the Partnership. Subsequently, Roxse Homes, Inc. was again ordered by the trial judge to produce documents which it again failed to produce. Thereafter, on May, 14 1986, the trial judge ordered entry of a default judgment against Roxse Homes, Inc. dismissing the action for failure to comply with discovery. In rendering its decision, the trial judge characterized Roxse Homes, Inc.’s response to his discoveiy order as being “so inadequate, in form and content, that it constitute[d] a clear violation of this Court’s order.” Id. at 404.
In upholding the trial court’s decision, the Supreme Judicial Court concluded that Roxse Homes, Inc.’s failure to respond to the Partnership’s discovery requests and the trial court’s orders warranted the entry of a default judgment against Roxse Homes, Inc.. In support of its decision, the Supreme Judicial Court stated that:
Roxse Homes [,Inc. s] noncompliance was a clear violation of court orders. It had more than one opportunity to comply and did not. It does not even *260 show that, when it sought reconsideration of the entry of judgment, it then offered to comply with the court’s order. The ultimate sanction imposed was amply justified in the circumstances.
Id. at 406. See also Maywood Builders Supply Co. v. Kaplan, 22 Mass.App.Ct. 944 (1986); Greenleaf v. Massachusetts Bay Transp. Auth., supra at 427.
The facts of Greenleaf and Roxse Homes Ltd. Partnership are analogous to those in the present case and therefore warrant a similar legal conclusion. Here, the defendants sent the plaintiff a request for admissions and a request for the production of documents on May 5, 1995. On September 29, 1995 and March 15, 1996, the Court issued two orders directing the plaintiff to cooperate with the defendants in their discovery and to provide the defendants with appropriate responses to their discovery requests. On March 15, 1996, when Judge Graham ordered the plaintiff to comply with all outstanding discovery requests, he also warned the plaintiff that his continued failure to comply with his orders might result in the complaints being dismissed. The plaintiff was given more than adequate time to comply with Judge Graham’s March 15, 1996 order, but, as explained more fully below, has failed to make appropriate responses to the defendants’ discovery requests in accordance with Mass.R.Civ.P. Rules 33 through 36.[7]
A substantial number of plaintiffs responses to requests for admissions remain inadequate:
Of plaintiff’s most recent responses to the defendants’ request for admissions, the following remain inadequate:
Plaintiffs response to request two is that he “admits, but to what extent is unclear,” that his separation from Ms. Inello affected the work environment at UniFirst. The plaintiffs response is inadequate because it fails to conform to Rule 36(a), which requires the plaintiff to admit, deny, or specify so much of his response as is true and qualify or deny the remainder. The response is also inconsistent with response to request one.
In response to request fifteen, the plaintiff admits that he has produced all documents in the possession of his parents and/or other family members which are responsive to the defendants’ request for production of documents. However, in response to request sixteen, the plaintiff admits that he has not produced all documents in the possession of his parents and/or other family members which are responsive to the defendants’ request for production of documents. The plaintiffs responses are inadequate because they are in complete contradiction to one another. Plaintiff claims that his responses to requests fifteen and sixteen “are not directly contradictory to each other and are both accurate.”
In response to request nineteen, the plaintiff claims that he cannot, in good faith, admit or deny the statement that he believed his sons had been sexually abused, and offers a narrative account of a conversation he had with Ms. Inello regarding the alleged sexual abuse. Here, the plaintiffs response is inadequate for two reasons. First, the plaintiffs narrative response is irrelevant and unresponsive to the defendants’ request. Second, the plaintiffs response is ambiguous because, after stating that he cannot in good faith admit or deny the bequest, he subsequently states that at no time did he believe that his sons had been sexually abused.
Plaintiffs responses to requests twenty through thirty-two are also inadequate because they rely entirely on the plaintiffs response to request nineteen.
In conclusion, the court finds that the plaintiffs responses to a substantial number of defendants’ requests for admissions are inadequate under Mass.R.Civ.P. Rule 36.
Plaintiff has failed to comply with court orders compelling production of documents and things.
At his deposition on March 14, 1995, the plaintiff testified that he recorded audio and visual tapes of his son Nicholas Brown during the weekend of October 23-25, 1992. According to the plaintiffs testimony, the tapes contained conversations between the plaintiff and Nicholas concerning the then-pending 'sexual abuse charges against the plaintiff. The plaintiff testified that he had at least one full copy of the videotape and copies of the audio tapes in his possession at his residence. This information was confirmed by the May 1996 depositions of the plaintiffs parents, who testified that at one time they had had the audio and video tapes in their possession, but had returned them to their son.
On May 5, 1995, defendants served on plaintiff a request for production of documents which sought, among other things, production of the October 23-25 audio and videotapes. On July 10, 1995, plaintiff objected to all requests for production of documents and things. When the plaintiff failed to respond to the court’s subsequent September 29, 1995 Order to Compel production of documents and things, the defendants filed their original motion to dismiss on November 21, 1995.
Prior to the court’s ruling on that motion, plaintiff responded that he could not produce the tapes because he “does not know if any of the videos are in his possession” or that he “has not been able to find" the relevant items. On March 15, 1996, Judge Graham gave the plaintiff another chance to respond to the defendants’ discovery requests. Although the plaintiff indicated to the defendants that compliance with the order would be forthcoming, the plaintiff instead responded with a letter stating that he wanted to amend his original response by striking the sentence “plaintiff does not know if these videos are in his possession” and inserting “plaintiff did not take any of the ... video *261 tapes from his marital home when he separated from the defendant Cynthia Croatti Inello, and all of the previously mentioned video tapes should be in her possession.” Regarding the audio tapes, the plaintiff merely responded that he “stands by his previous response” that he has no audio tapes in his possession.
The defendant testified at his deposition that he had recorded both the video and audio tapes during the weekend of October 23-25, 1992, after he and Ms. Inello had separated. By the plaintiffs own testimony, therefore, the tapes were at no time in Ms. Inello’s possession.
In conclusion, the court finds that the plaintiff has failed to respond to the defendants’ requests for production of documents and things, and has also failed to comply with court orders compelling production.
The fact that the plaintiff is representing himself in these actions does not excuse him from complying with court orders and making appropriate responses to discovery requests in accordance with the Massachusetts Rules of Civil Procedure. The right of self-representation is not “a license not to comply with relevant rules of procedural and substantive law.” International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983) quoting Faretta v. California, 422 U.S. 806, 834-35 n. 46 (1975). A pro se litigant is bound by the same rules of procedure as litigants with counsel. International Fidelity Ins. Co. v. Wilson, supra at 847.
ORDER
For the above stated reasons, it is hereby ORDERED that the defendants’ motion to dismiss is ALLOWED.

Aldo Croatti, Ronald Croatti and Cynthia Croatti are all executives of the UniFirst Corporation.

Counts two throughten of the plaintiffs complaint concerned the plaintiffs termination of employment from UniFirst. Judge Graham granted summary judgment on those counts because the plaintiffs employment at UniFirst was terminable at-will. Count one of the plaintiffs complaint was for slander against Ms. Inello. Judge Graham declined to enter summary judgment against the plaintiff on this count because there was a material issue of fact as to whether the communications were privileged.

Appendix A is a compilation of the plaintiffs responses and amended responses to the defendants’ request for admissions as well as the court’s analysis of those responses.
Generally, requests one through four sought information regarding how the plaintiffs separation and divorce from Ms. Inello affected the work environment at UniFirst. In response, the plaintiff offered a chronological narration of events.
Requests fifteen and sixteen asked the plaintiff whether he had produced all documents that had been in his family’s possession which were responsive to the defendants’ first request for production of documents. Plaintiff stated that he had produced everything.
Finally, requests nineteen through thirty-four, concerned allegations of sexual abuse of Nicholas Brown and Samuel Brown. In response, the plaintiff provided a three-paged chronological narration of events.

Appendix B is a compilation of the plaintiffs responses to the defendants’ request for production for documents as well as the court’s analysis of those responses.

See Appendices A and B.

The defendants’ present motion was filed with the court on May 15, 1996, exactly two months after Judge Graham’s order was issued. See also Appendices A and B.