NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-167

MARITA E. HYMAN

vs.

ROGER STANFORD & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this legal malpractice action, the plaintiff, Marita E. Hyman, claims that the defendants were negligent in representing her in a 2018 lawsuit (underlying lawsuit) brought by the Westport Point Condominium Trust (trust) against Hyman and her husband.  On the defendants' motions under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), a Superior Court judge (motion judge) dismissed the complaint on the ground that it was barred by the statute of limitations.  In the same decision, the motion judge denied Hyman's cross-motion for default judgment against some of the defendants.  After a judgment of dismissal entered,

---

[1] John Markey, Stanford and Schall, and Moses, Smith, Markey and Walsh.

Hyman filed a motion for reconsideration, which the motion judge denied in a margin order.  Hyman now appeals from the judgment and the order denying reconsideration.  We affirm.

Background.  We accept the factual allegations in the complaint and the attached exhibits as true for purposes of this appeal.  See Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 17 (2018).

In May 2019 Hyman and her husband retained the defendants to represent them in the underlying lawsuit.  Roger Stanford, of the law firm Stanford and Schall, completed a retainer agreement and filed a notice of appearance.  Stanford was "of counsel" to the law firm Moses, Smith, Markey and Walsh.[2]

The defendants produced no work product over the next two months.  On July 23, 2019, Hyman and her husband sent Stanford a letter asserting that he was "confused about basic facts of the case as late as last Friday and came to [their] meeting unprepared to discuss the law," causing them "an incredible amount of stress."  Two days later, Hyman and her husband sent a letter addressed to Markey, asserting that Stanford had "put [their] basic health and welfare at serious risk with his acts

---

[2] We will refer to Stanford and his law firm together as "Stanford defendants" and to John Markey, Richard Moses, and their law firm together as "Markey defendants."

2

of negligence" and requesting substitute counsel.  Neither Markey nor Moses responded to the letter.

On the morning of July 31, 2019, Stanford called Hyman to inform her that he intended to withdraw from the underlying lawsuit and would not be representing her and her husband at the summary judgment hearing scheduled for later that day.  The summary judgment hearing was then continued to February 14, 2020, and a hearing on Stanford's motion to withdraw was scheduled for August 19, 2019.  In opposing Stanford's motion, Hyman and her husband filed an affidavit dated July 31, 2019,[3] alleging that "[b]y July 23, Attorney Stanford had drafted no legal argument and had completed no drafted affidavits," that "Stanford sought to escalate [their] health problems . . . by failing to discuss his delays in producing any legal work in a professional, timely and respectful manner," that they "felt that the Rules of Professional Responsibilities for Attorneys had been breached by Attorney Roger Stanford and expressed that to Attorney John Markey and Attorney Richard Moses," and that "they believed under the Rules of Professional Responsibility

---

[3] The Stanford defendants attached the affidavit, along with other documents from the underlying lawsuit, to their motion to dismiss.  In evaluating a motion to dismiss under rule 12 (b) (6), a judge may consider "public records includ[ing] the records of other courts in related proceedings, of which the judge may take judicial notice in any event."  Reliance Ins. Co. v. City of Boston, 71 Mass. App. Ct. 550, 555 (2008).

3

that MOSES, SMITH, MARKEY AND WALSH did have counsel responsibilities to complete the work for which they were hired."  In a supplemental affidavit dated August 9, 2019, Hyman and her husband further alleged that Stanford "intended to actively harm his own clients" by failing to take certain actions in the litigation and asked that the court appoint Markey as their counsel.

On August 19, 2019, the judge in the underlying lawsuit allowed Stanford, Markey, "and all of their associates within their law firms to withdraw, leaving [Hyman] and her husband without any legal counsel."  Unable to find new counsel, Hyman and her husband appeared pro se at the February 14, 2020 summary judgment hearing.  On April 21, 2020, the judge in the underlying lawsuit granted summary judgment for the trust.

Hyman filed this action on April 18, 2023, raising three claims:  legal malpractice, breach of contract, and negligent infliction of emotional distress.

Discussion.  We review the allowance of a rule 12 (b) (6) motion de novo.  See Buffalo-Water 1, LLC, 481 Mass. at 17. Where the allegations of a complaint show that the action is barred by the statute of limitations, "[a] motion to dismiss under rule 12 (b) (6) is an appropriate vehicle for raising such a defense."  Epstein v. Seigel, 396 Mass. 278, 279 (1985).  The

4

applicable statute of limitations in this case is G. L. c. 260, § 4, which provides that "[a]ctions of contract or tort for malpractice, error or mistake against attorneys . . . shall be commenced only within three years next after the cause of action accrues."  Thus, Hyman's complaint, filed on April 18, 2023, is time-barred if her claims accrued before April 18, 2020.  "Although the question of when the cause of action accrued typically presents a question of fact, when the facts regarding discovery of harm are undisputed, the question may be decided as matter of law."  Vinci v. Byers, 65 Mass. App. Ct. 135, 139 (2005).

Hyman argues that her claims did not accrue until April 21, 2020 -- the date that summary judgment was granted for the trust in the underlying lawsuit -- because that was when she incurred monetary damages.  We disagree.  "Although the statute of limitations on a legal malpractice action does not begin to run until the plaintiff has been harmed by the attorney's malpractice, it is not necessary that the plaintiff client know the full extent of harm or loss or know precisely in what manner and what harmful after-effects flow from the alleged malpractice; rather, '[o]nce a client or former client knows or reasonably should know that he or she has sustained appreciable harm as a result of the lawyer's conduct, the statute of

5

limitations starts to run.'" Frankston v. Denniston, 74 Mass. App. Ct. 366, 374 (2009), quoting Williams v. Ely, 423 Mass. 467, 473 (1996). "Appreciable harm encompasses the incurring of legal expenses, such as litigation-related expenses in defending against, or advancing, an issue that is central to the alleged legal malpractice." Frankston, supra.

Here, Hyman's own letters and affidavits show that, by the end of July 2019, she knew that Stanford had (allegedly) failed to do any work on her case and had moved to withdraw as her counsel on the eve of the summary judgment hearing. Furthermore, in her August 9, 2019 affidavit, Hyman claimed that the rules of professional responsibility obligated Moses, Smith, Markey and Walsh to take over her case and "complete the work for which they were hired." Given these undisputed facts, we conclude that Hyman's claims accrued no later than August 19, 2019, when the judge in the underlying lawsuit allowed Stanford's motion to withdraw and did not appoint Markey or any of the other defendants to replace him. At that point Hyman knew that the defendants had terminated their representation, purportedly without doing any work, leaving her without counsel. This was appreciable harm and started the running of the limitations period, even though summary judgment against Hyman did not enter until a few months later. See Massachusetts

6

Electric Co. v. Fletcher, Tilton & Whipple, P.C., 394 Mass. 265, 268 (1985) ("A conclusion that the [plaintiffs'] cause of action accrued only when the . . . case was settled would be inconsistent with the general rule in negligence actions that a cause of action accrues when some harm has occurred even though the full extent and nature of that harm has not been and cannot be established immediately"); Frankston, 74 Mass. App. Ct. at 375 ("That a case is ongoing and not finally adjudicated through the trial or appellate stage does not mean that there is no duty of inquiry into the harm and its connection to the attorney's conduct and no accrual of a legal malpractice claim . . ."); Vinci, 65 Mass. App. Ct. at 140 (malpractice claim accrued once plaintiff knew "that as a result of [attorney's] advice, [plaintiff's] position in his divorce case had been negatively affected," even though he "did not yet know the full extent of the harm").  Accordingly, because Hyman did not file her complaint within three years of August 19, 2019, the motion judge correctly dismissed it as untimely.

We see no basis on which to disturb the motion judge's denials of Hyman's motion for reconsideration and her cross-motion for a default judgment against the Markey defendants.  We review both orders for an abuse of discretion.  See Owens v. Mukendi, 448 Mass. 66, 72 (2006); Greenleaf v. Massachusetts Bay

Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).  Regarding the motion for reconsideration, it was functionally a motion under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), because Hyman served it more than ten days after entry of judgment.  Hyman did not, however, explain why she was entitled to relief under any of the subdivisions of that rule; she argued only that the motion judge's original decision contained a factual error.  In declining to reconsider, the motion judge stated that that factual issue was not the sole basis for her determination that the complaint was untimely.  Not only was this within the motion judge's discretion, any factual error in her original decision is of no consequence on appeal because we review the dismissal of the complaint de novo.

Regarding Hyman's cross-motion for a default judgment against the Markey defendants, the motion judge concluded that the "request was not in compliance with Mass. R. Civ. P. 55" and that a default judgment was unwarranted "considering the defendants' meritorious statute of limitations defense."  This was not an abuse of discretion, especially given that any delay on the part of the Markey defendants was not egregious.[4]  See

---

[4] Hyman asserted in her cross-motion that she served her complaint on the Markey defendants on July 6, 2023, and that they served their motion to dismiss on August 8, 2023, twelve days too late.  Counsel for the Markey defendants averred in an

8

Greenleaf, 22 Mass. App. Ct. at 429 ("Entry or, conversely, removal of default judgments has to do with the management of the case and, as such, is committed to the sound discretion of the . . . judge," who must balance "relative fault of parties" and "concern about giving parties their day in court").[5]

Judgment affirmed.

Order denying motion for
  reconsideration affirmed.

By the Court (Neyman, Shin &
  Englander, JJ.[6]),

Clerk

Entered:  March 18, 2025.

_____

affidavit that he mistakenly believed that the answer date was August 8, 2023.

[5] The Stanford defendants' request for attorney's fees and double costs is denied.

[6] The panelists are listed in order of seniority.