NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-653

DENISE LEBOEUF

vs.

HARRINGTON MEMORIAL HOSPITAL GB WELLS HUMAN SERVICES CENTER & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Denise Leboeuf, appeals from a final

judgment and dismissal pursuant to Mass. R. Civ. P. 33 (a) (6),

as appearing in 454 Mass. 1404 (2009), as well as an order

clarifying that judgment. We affirm.

The plaintiff filed her first amended complaint against the

defendants on October 28, 2020. On May 7, 2021, a judge allowed

---

[1] Kristina Quercia, Richard Listerud, Kelly Madden, Emily LaPrade, Martha Hauston, Norman Genest, Karen Receptionist, Megan Gaine, Lauren Bishop, Molly Hughes, Karissa Dysinger, Nicola Billett, Jane Doe, John Does #1-6, Joyce Rosenfeld, James C. Stephens, Courtney D'Elia, Michael Desmond, Erich Kudas, Pier Cutler, Emily Jean Vivlamore, David Dodge, Mayvel Burns, Alicia Audette, James MacDonald, Gyorgy Varai, Rebecca Peak, Jeanine Alton, Ann Beaudry, Tracy DiGregorio, Laurie Pytko, Lisa Bienia Kenton, Hilda Miller, Thomas Broffman, Christine Osborn, Colleen Smith, Anabelle Foley, and Donna Cordova.

a motion to dismiss claims against all but nine of the defendants.  After the plaintiff repeatedly failed to respond to interrogatories, on September 29, 2023, a judgment entered in favor of four of the remaining nine defendants as a sanction for noncompliance with discovery.  See Mass. R. Civ. P. 33 (a) (4), as appearing in 436 Mass. 1401 (2002) (when party fails to answer interrogatories, "the interrogating party may file a written application for entry of final judgment for relief or dismissal"); Mass. R. Civ. P. 33 (a) (6) (after interrogating party satisfies requirements for application, clerk "shall enter an appropriate judgment"); Mass. R. Civ. P. 37 (b) (2) (C), as amended, 390 Mass. 1208 (1984) (as sanction for noncompliance with discovery judge may enter order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party").

On May 16, 2024, an order entered clarifying that the judgment "had the effect of a final judgment as to all named defendants."  Additionally, the order dismissed claims against "Jane Doe and John Does 1 through 4" because the plaintiff failed to substitute named individuals.  The plaintiff appealed from the judgment entered on September 29, 2023, as well as the clarifying order that entered on May 16, 2024, and both appeals have been consolidated.

We discern no error in the orders where the plaintiff declined opportunities to answer the interrogatories. The defendants served interrogatories on the plaintiff on September 8, 2022, and the plaintiff did not respond. On March 9, 2023, the defendants served a final request for answers to interrogatories, and the plaintiff responded by e-mail and overnight mail on April 19, 21, and 22, stating that she would not provide answers. On April 27, the defendants filed a first application for judgment and dismissal pursuant to rule 33, and the plaintiff filed an opposition. Following a hearing, on June 15, 2023, a judge denied the defendants' rule 33 application, concluded that the interrogatories were timely served, and provided the plaintiff with a forty-five day extension of time to respond to the interrogatories. After that deadline passed with no answers, a second judge granted a further extension to September 1, 2023, and warned that failure to respond could result in "possible dismissal."

Despite multiple opportunities to provide answers to the interrogatories, the plaintiff failed to respond by the new deadline, and the second judge allowed the defendants' second application for judgment and dismissal that is the subject of this appeal. Given the plaintiff's repeated refusals to provide answers to interrogatories after multiple extensions of time to do so, we discern no abuse of discretion with respect to the

3

judgment that entered. See Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 805 (2002). See also Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986) (management of case "committed to the sound discretion" of lower court judge).

We also discern no error with respect to dismissal of the John Doe and Jane Doe defendants for the additional reason stated in the order. After nearly four years of litigation and discovery opportunities, the plaintiff did not identify any of the John Doe or Jane Doe defendants through an amended complaint or provide proof of service. See G. L. c. 223, § 19 (fictitious name may be used to initiate civil action so long as identity disclosed in amended complaint and "sufficient service has been made").

The remainder of the plaintiff's brief is devoted to challenging various court orders that issued throughout the course of the litigation (particularly the orders of May 8, 2021, and October 12, 2021, where the bulk of the claims were dismissed). To the extent that these arguments may be raised on appeal despite the entry of a judgment for the defendants as a sanction for discovery noncompliance under rules 33 and 37 (an issue we do not decide), we discern no error. See Patel v. Martin, 481 Mass. 29, 31 (2018) ("[w]hen a final judgment enters in a civil case in the Superior Court under Mass. R. Civ. P. 54,

4

as amended, 382 Mass. 829 [1981], a party aggrieved has the right to appeal from the judgment . . . [and] various types of interlocutory orders").  The claims here are conclusory and do not cite any supporting legal authority that indicates an error in the Superior Court proceedings.  See Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority" do not advance appellate argument); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (argument must contain "contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies").

Moreover, we do not perceive the same "common theme" that the plaintiff claims pervade all the judicial decisions in this case -- that the arguments of the parties "were not considered equally" by the judges.  Our review of the record, including the hearing transcripts, indicates that the various judges hearing motions presented as polite, patient, impartial, and even helpful as they answered the plaintiff's questions, explained the proceedings, and tried to resolve disputes between the plaintiff and counsel for the defendant.  At these hearings, the plaintiff repeatedly expressed her concern, as she does now, that she had the impression she was not getting a "fair shot" because the defendants seemed to prevail at every turn; however,

5

we generally do not assess the fairness of the proceedings based on measuring impressions of a party or tallying the success or failure of motions. See Passero v. Fitzsimmons, 92 Mass. App. Ct. 76, 83 (2017), quoting Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Instead, we examine the record and make an objective appraisal of whether impartiality might reasonably be questioned. Even if the plaintiff consistently failed to achieve success in various arguments, we discern nothing in the record to suggest that she was deprived of a free and independent judge in the proceedings. See Matter of Curry, 450 Mass. 503, 525 n.30 (2008) (impressions formed by judge during course of litigation do not constitute source of bias).

Judgment entered September 29, 2023, affirmed.

Order entered May 16, 2024, affirmed.

By the Court (Singh, D'Angelo & Hodgens, JJ.[2]),

Paul Little

Clerk

Entered: July 24, 2025.

---

[2] The panelists are listed in order of seniority.