NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1044

MICHAEL PASCUCCI & another[1]

vs.

TOWN OF LYNNFIELD & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Michael and Susan Pascucci, the plaintiffs (unit owners), appeal from a summary judgment entered in the Superior Court in favor of the defendants, the town of Lynnfield and the Board of Selectmen of Lynnfield (collectively, town).  We affirm.

Background.  In 1995, the unit owners, as income-eligible buyers under G. L. c. 40B, purchased a condominium unit in Lynnfield at fifty-two percent below market price, subject to restrictions set forth in a deed rider.  Those restrictions required owner occupancy of the unit as a principal residence, prohibited mortgaging or leasing the unit without State or

_____

[1] Susan Pascucci.

[2] Board of Selectmen of Lynnfield.

municipal approval, and limited resale to an income-eligible purchaser.  Ten years later, and without any State or municipal approval, the unit owners mortgaged the condominium unit, purchased a single-family home that became their new residence, and leased the condominium unit.

In 2014, the town filed a complaint in the Superior Court against the unit owners and invoked the restrictions of the deed rider so that the condominium unit could be sold to an income-eligible purchaser.  After being served the complaint and filing a responsive pleading, the unit owners failed to participate in discovery, and a default judgment entered as a sanction.  The unit owners appealed, but their failure to prosecute the appeal resulted in dismissal.

In 2019, the unit owners filed a multi-count complaint that is the subject of this appeal and essentially alleged that the default judgment is void as it deprived them of due process. The town filed a counterclaim to enforce the 2014 judgment and to obtain possession of the unit.  The judge denied the unit owners' motion for judgment on the pleadings.  The parties then cross-moved for summary judgment, and after a hearing, the judge granted summary judgment for the town on all counts and the counterclaim and later denied a motion for reconsideration.

Discussion.  We first address the town's claim that this appeal is not properly before us because the unit owners prematurely filed their notice of appeal prior to the disposition of postjudgment motions.  Effective October 1, 2025, the Supreme Judicial Court eliminated this "trap for the unwary," 2025 Reporter's Notes to Mass. R. A. P. 4, Massachusetts Rules of Court, Rules of Appellate Procedure, at 242 (Thomson Reuters 2026), through an amendment to appellate rules.  That amended rule now requires that a notice of appeal filed before the disposition of postjudgment motions "becomes effective . . . upon the entry of the order disposing of the last such remaining motion."  Mass. R. A. P. 4 (a) (2) (B), as appearing in 496 Mass. 1601 (2025).  Although filed before this amendment, the notice of appeal "becomes effective" according to the language and clear intent of the rule.  Therefore, we consider the merits of the appeal.

On the merits, "[w]e review a decision on a motion for summary judgment de novo."  Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 330 (2021).  "Summary judgment is proper where the record 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Hasseltine House, LLC v. Jewish Family and Children's Servs., Inc., 106 Mass. App. Ct. 30, 33

3

(2025), quoting Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). Summary judgment properly entered here.

Assuming without deciding that the unit owners may collaterally attack the judgment in the 2014 case where they failed to prosecute an appeal, we disagree with their contention that the judgment is void because of a series of due process violations. The record contradicts each of their claims: it is undisputed that counsel for the town filed on May 19, 2015, an affidavit of compliance stating that he served counsel for the unit owners with the amended complaint which did not raise any new claims against the unit owners; the procedure for a default for failing to "plead or otherwise defend" under Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974), is distinct from the procedure for a default for failing "to obey an order to provide or permit discovery" under Mass. R. Civ. P. 37 (b) (2), as amended, 390 Mass. 1208 (1984), as occurred here; and it is undisputed that the unit owners had opportunities to be heard before the judgment entered. They failed to respond to the motion to compel and motion for sanctions and failed to present any affidavits in support of a motion for relief from the sanctions. Given this record, summary judgment properly entered for the town with respect to due process claims concerning the 2014 case. See Jones v. Boykan, 464 Mass. 285, 290 (2013) (no

4

due process violation where party has "meaningful opportunity to be heard"); Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 431 (1986) (generally "findings of fact and conclusions of law are unnecessary in support of decisions" for discovery sanctions); Mass. R. Civ. P. 5 (b), as appearing in 493 Mass. 1401 (2023) ("service shall be made upon the attorney").

On appeal, the unit owners have also raised a claim under the First Amendment to the United States Constitution asserting that the town retaliated against them for political activities in municipal elections, but the complaint makes no such claim. Indeed, the unit owners acknowledge in their brief that they raised this claim "[i]n contesting the [t]own's [s]ummary [j]udgment motion." Because this claim is not set forth in the complaint, see Mass. R. Civ. P. 8, 365 Mass. 749 (1974), or an amended complaint, Mass. R. Civ. P. 15, 365 Mass. 671 (1974), and is unsupported by the summary judgment record, we do not consider it now.

We also do not consider the unit owners' claim related to their postjudgment motion to reconsider and amend the judgment because they did not file a notice of appeal from the denial of this motion. See Mass. R. A. P. 4 (a) (2) (C) (party challenging order disposing of postjudgment motion "must file a

5

notice of appeal" from order disposing of "last such remaining motion").

Judgment affirmed.

By the Court (Hershfang,
  Hodgens & Smyth, JJ.[3]),

Clerk

Entered:  May 7, 2026.

---

[3] The panelists are listed in order of seniority.